436 So.2d 1101 (1983)
Wallace JACKSON, Appellant,
v.
STATE of Florida, Appellee.
No. 82-2213.
District Court of Appeal of Florida, Fourth District.
September 7, 1983.
*1102 Richard L. Jorandby, Public Defender, and Tatjana Ostapoff, Asst. Public Defender, West Palm Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Joy B. Shearer, Asst. Atty. Gen., West Palm Beach, for appellee.
BERANEK, Judge.
Defendant appeals his convictions of kidnapping, robbery, and carrying a firearm in the commission of a felony. We affirm as to the robbery conviction but reverse as to the kidnapping and firearm charge. Although the defendant was also convicted of two other crimes growing out of the same incident, these additional convictions are not raised on appeal.
Mr. Rice and another person were guests at a motel in Broward County. Mr. Rice left the room to get ice and as he returned to the room and placed his key in the door two individuals approached him from the rear, placed a gun to his head, and propelled him through the open door. The two assailants then proceeded to take property from the two occupants and immediately left the room. We find no merit to the appellate attack on the armed robbery conviction. As to kidnapping, the matter is controlled by the Florida Supreme Court's recent opinion in Faison v. State, 426 So.2d 963 (Fla. 1983). Here we find the undisputed facts show an absence of confinement. The only movement was across the threshold of the open door which Mr. Rice himself was in the act of opening. Despite the fact that the robbery became easier and less detectable inside the room we conclude that the movement was slight, inconsequential and merely incidental to the robbery. As such, it does not constitute the separate crime of kidnapping. The conviction and sentence for kidnapping are reversed and vacated. The conviction and sentence for carrying a firearm in the commission of a felony are also reversed on the authority of Bell v. State, 437 So.2d 1057 (Fla. 1983), which case receded from State v. Monroe, 406 So.2d 1115 (Fla. 1981).
With all respect to the trial court, we point out that the Bell case was not published at the time of this trial.
AFFIRMED IN PART, REVERSED IN PART.
ANSTEAD, C.J., and HURLEY, J., concur.