511 So.2d 744 (1987)
James Floyd KIRTSEY, Appellant,
v.
STATE of Florida, Appellee.
No. 86-1986.
District Court of Appeal of Florida, Fifth District.
August 27, 1987.
James B. Gibson, Public Defender, and Michael L. O'Neill, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Paula C. Coffman, Asst. Atty. Gen., Daytona Beach, for appellee.
SHARP, Judge.
Kirtsey appeals from his conviction and sentence for kidnapping,[1] arguing that there was insufficient evidence of incidental acts, separate from a simultaneously *745 occurring attempted robbery,[2] to establish kidnapping. We agree and reverse.
Kirtsey and a male confederate forced their way into a Pizza Hut as the last two employees were closing the store. One of the employees was tied up and moved about the interior of the store. The other was forced to open the safe and threatened with a gun. No other acts of confinement or movement occurred.
The supreme court set out three criteria to be used in determining whether a kidnapping charge is sustainable when it occurs in conjunction with another offense. Faison v. State, 426 So.2d 963 (Fla. 1983). In such situations, the confinement and movement:
(a) must not be slight, inconsequential, and merely incidental to the other offense; and

(b) must not be of the kind inherent in the nature of the other offense; and

(c) must have some significance independent of the other offense in that it makes the other offense substantially easier to commit or substantially lessens the risk of detection. (Emphasis added).
Faison. See also, Brinson v. State, 483 So.2d 13 (Fla. 1st DCA 1985), review denied, 492 So.2d 1335 (Fla. 1986); Chaney v. State, 464 So.2d 1261 (Fla. 1st DCA), review denied, 479 So.2d 118 (Fla. 1985); Simpkins v. State, 395 So.2d 625 (Fla. 1st DCA 1981).
The confinement and movement in this case were limited to the interior of the restaurant. While these acts were not inherent in the offense of robbery (b), and arguably may have made the attempted robbery easier to commit (c), the acts were slight and merely incidental to the robbery offense (a). All three criteria must be met in order to sustain a kidnapping offense in such circumstances. Accordingly, we reverse the kidnapping conviction,[3] but affirm the convictions and sentences for attempted robbery and use of a firearm.
AFFIRMED IN PART, REVERSED IN PART.
UPCHURCH, C.J., and COWART, J., concur.
NOTES
[1] §§ 787.01(1)(a) & (2), Fla. Stat. (1985).
[2] §§ 777.04(1) & (4); 812.13(1) & (2)(a); 775.087(2)(a), Fla. Stat. (1985). Kirtsey was convicted of the attempted robbery and a third charge, use of a firearm while attempting to commit a felony. § 790.07(2), Fla. Stat. (1985).
[3] However, conviction for false imprisonment in conjunction with a burglary is sustainable under a similar fact pattern. State v. Lindsey, 446 So.2d 1074 (Fla. 1984).