533 So.2d 763 (1988)
Charles W. FERGUSON, Petitioner,
v.
STATE of Florida, Respondent.
No. 72102.
Supreme Court of Florida.
November 10, 1988.
Richard L. Jorandby, Public Defender and Margaret Good, Asst. Public Defender, Fifteenth Judicial Circuit, West Palm Beach, for petitioner.
Robert A. Butterworth, Atty. Gen. and Mardi Levey Cohen, Asst. Atty. Gen., West Palm Beach, for respondent.
GRIMES, Justice.
We have for review Ferguson v. State, 519 So.2d 747 (Fla. 4th DCA 1988), because of direct conflict with Chaney v. State, 464 So.2d 1261 (Fla. 1st DCA), review denied, 479 So.2d 118 (Fla. 1985). We have jurisdiction under article V, section 3(b)(3), of the Florida Constitution.
*764 Charles Ferguson was convicted of robbery and kidnapping. The facts taken from the district court's opinion are as follows:
The defendant robbed an Arby's restaurant. After he was given the money, the defendant, at gunpoint, forced the manager and three employees outside of the store and put them into a restroom located in the rear. The defendant told the victims to stay inside. After thirty seconds the manager peeked out. The defendant yelled, "get back into the bathroom". The victims obeyed for another thirty seconds, when they looked out and observed the defendant riding off on a bicycle.
Ferguson, 519 So.2d at 747.
On appeal, Ferguson contended that the evidence was insufficient to support a conviction for kidnapping. The district court disagreed and affirmed the kidnapping conviction, relying on our decision in Faison v. State, 426 So.2d 963 (Fla. 1983). However, the court recognized that its holding was in direct conflict with Chaney.
In Faison, we adopted a three-prong test to determine whether the confinement or movement of victims during the commission of another crime is sufficient to support a kidnapping charge. For a kidnapping conviction to stand, the resulting movement or confinement:
"(a) Must not be slight, inconsequential and merely incidental to the other crime;
(b) Must not be of the kind inherent in the nature of the other crime; and
(c) Must have some significance independent of the other crime in that it makes the other crime substantially easier of commission or substantially lessens the risk of detection."
Faison, 426 So.2d at 965 (quoting State v. Buggs, 219 Kan. 203, 216, 547 P.2d 720, 731 (1976)).
The Chaney case involved facts which were substantially similar to those in the instant case. Two men entered a nursery and robbed an employee at gunpoint. The robbers then put the employee into a bathroom which they barricaded with fifty-pound bags. After about sixty seconds, the employee broke out of the bathroom and saw the license plate number on the robbers' car. The two men were later arrested as the result of the employee's having immediately notified the police of the car tag number. The district court, relying on its earlier decision in Friend v. State, 385 So.2d 696 (Fla. 1st DCA 1980), and utilizing the standard enunciated in Faison, held that these facts were insufficient to support a kidnapping charge. The court observed that the victim's confinement was of minimal duration. The court also concluded that there was no lessening of the risk of detection because the victim had gotten free and had seen the perpetrators' car tag number.
We find this analysis inconsistent with the principle of Faison. The duration of the confinement is not an integral part of the test even though it may bear on whether the confinement was slight or inconsequential. Moreover, the determination of whether the confinement makes the other crime substantially easier of commission or substantially lessens the risk of detection does not depend upon the accomplishment of its purpose. The question is whether the initial confinement was intended to further either of these objectives.
We hold that the movement and confinement of the victims in the instant case met the definition of kidnapping under the three-prong test of Faison. First, the movement was not slight, inconsequential, or incidental to the robbery because the victims were forced out of the restaurant at gunpoint and into a restroom located in the rear. Second, the asportation was not inherent in the nature of the crime because the robbery could have been committed on the spot without any movement whatsoever. Third, the confinement was intended to make it more difficult for the victims to identify the perpetrator and immediately call for help.
We approve the opinion of the court below. We disapprove of the manner in *765 which the Faison test was applied to the facts of Chaney.
It is so ordered.
EHRLICH, C.J., and OVERTON and McDONALD, JJ., concur.
KOGAN, J., dissents with an opinion, in which SHAW and BARKETT, JJ., concur.
KOGAN, Justice, dissenting.
Contrary to the opinion of the majority I find that the facts of this case do not meet the requirements of Faison v. State, 426 So.2d 963 (Fla. 1983). The petitioner's movement of the manager and employees of the restaurant during the robbery was slight, inconsequential and merely incidental to the commission of that crime. Furthermore, this movement had no significance independent of the commission of robbery and did not substantially make the commission of that crime either easier or substantially lessen the risk of detection. I therefore respectfully dissent.
SHAW and BARKETT, JJ., concur.