546 So.2d 33 (1989)
Shannon Neal MARSH a/k/a Mike Cain, Appellant,
v.
The STATE of Florida, Appellee.
Nos. 88-1993, 88-2095.
District Court of Appeal of Florida, Third District.
June 27, 1989.
*34 Bennett H. Brummer, Public Defender, and Clayton R. Kaeiser, Sp. Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Richard L. Polin, Asst. Atty. Gen., and Mary Jane E. Feanny, Certified Legal Intern, for appellee.
Before HUBBART, FERGUSON and COPE, JJ.
PER CURIAM.
This is an appeal by the defendant Shannon Neal Marsh from a judgment of conviction and a thirty-year sentence for armed robbery and two counts of armed kidnapping based on an adverse jury verdict; this is also a cross appeal by the state from the thirty-year sentence imposed as being an alleged improper departure downward from the sentencing guidelines. We affirm.
First, we find no merit in the defendant's only point on appeal, namely, that the trial court erred in failing to grant his motion for judgment of acquittal as to one of the armed kidnapping counts (count III). (1) Plainly, the confinement of the victim in this case was not slight or inconsequential; nor was it incidental to committing the armed robbery herein. The victim was bound, gagged, blindfolded, and wrapped in blankets for up to half an hour *35 while the defendant and the codefendant ransacked the apartment where the victim was found, and stole the victim's money and house keys. (2) The confinement was not inherent in the armed robbery because the latter crime could have been committed without binding and gagging the victim. (3) The confinement obviously made it easier for the defendant to commit his armed robbery and substantially lessened the risk of detention after he escaped from the apartment. This being so, the requirements of Faison v. State, 426 So.2d 963 (Fla. 1983), are met and an armed kidnapping was established in this case. Merritt v. State, 516 So.2d 290 (Fla. 1st DCA 1987); Sanborn v. State, 513 So.2d 1380 (Fla. 3d DCA 1987), aff'd on other grounds, 533 So.2d 1169 (Fla. 1988).
Second, we conclude that the second reason given by trial court for departing downward from the sentencing guidelines fully justified the subject departure. The codefendant in this case, although equally culpable, was sentenced to nine years imprisonment. Admittedly, the defendant had twice the point total of the codefendant on his sentencing scoresheet, and, therefore, deserved a more severe sentence than the codefendant. The trial court, however, did not abuse its discretion in concluding that (a) downward departure to thirty years imprisonment for the defendant was required in order to make the sentences imposed in the case more equivalent  and that (b) a life sentence for the defendant, as the sentencing guidelines called for, was grossly unfair when compared to the nine-year sentence received by the codefendant. Sanders v. State, 510 So.2d 296, 298 (Fla. 1987). Although we agree that the first reason given by the trial court did not justify a sentencing guidelines departure, we are convinced beyond a reasonable doubt that the absence of this reason would not have affected the departure sentence; this is so because the second reason was obviously the decisive reason for the subject departure. Albritton v. State, 476 So.2d 158, 160 (Fla. 1985).[1]
Affirmed.
NOTES
[1] Section 921.001(5), Florida Statutes, as amended by chapter 87-110, Laws of Florida, is inapplicable to this case because the crimes herein predated the statute. See McGriff v. State, 528 So.2d 396, 398 (Fla. 3d DCA 1988), aff'd, 537 So.2d 107, 109 (Fla. 1989); State v. Mesa, 520 So.2d 328 (Fla. 3d DCA 1988).