PATTERSON, Judge,
concurring in part, dissenting in part.
I concur in affirmance the appellant’s convictions for robbery but would reverse the convictions for kidnapping. Many criminal episodes involve the temporary detention or movement of the victim. However, for such detention or movement to constitute the separate crime of kidnapping, it:
(a) Must not be slight, inconsequential and merely incidental to the other crime;
(b) Must not be of the kind inherent in the nature of the other crime; and
(c) Must have some significance independent of the other crime in that it makes the other crime substantially easier of commission or substantially lessens the risk of detection.
Faison v. State, 426 So.2d 963, 965 (Fla.1983).
As our supreme court in Mobley v. State, 409 So.2d 1031 (Fla.1982), observed of kidnapping:
If construed literally this subsection would apply to any criminal transaction which inherently involves the unlawful confinement of another person, such as robbery or sexual battery....
The prevalent view nationwide is that kidnapping statutes, regardless of their wording, do not apply to unlawful confinements or movements incidental to other felonies.
409 So.2d at 1034.
In this case, the appellant entered a convenience store and threatened the clerk and a customer with an object concealed under his shirt which he represented to be a firearm. The two victims surrendered their money to him. The appellant then ordered the clerk, the customer, and two teenage relatives of the clerk to move to the rear of the store and lie on the floor, a distance of twenty to forty feet. The clerk and her relatives complied while the customer only moved approximately ten feet. The appellant then fled the store. Although the movement of the victims is not necessarily inherent to this crime of robbery, it was slight and inconsequential and does not have independent significance to rise to the level of a separate crime. My position is that the charges of kidnapping should not have been submitted to the jury and that the appellant’s motion for judgment of acquittal, as to kidnapping, should have been granted.
The majority relies on Ferguson v. State, 533 So.2d 763 (Fla.1988), to support its position that a legitimate jury issue was established by the state. Ferguson, which involved the robbery of a fast food restaurant, is, however, factually dissimilar. Ferguson, after obtaining the restaurant’s money at gunpoint, forced the manager and three employees out of the restaurant and put them into a restroom located in the rear of the building. These actions clearly present a jury issue as to the elements of kidnapping. On the other hand, the instant case is factually similar to Kirtsey v. State, 511 So.2d 744 (Fla. 5th DCA 1987). In Kirtsey, the court held that confinement and movement of two victims within the interior of a restaurant during the course of a robbery was insufficient to constitute the offense of kidnapping. Here, as in Kirtsey, the confinement and movement of the victims was merely incidental to the offense of robbery. I would therefore reverse.