604 So.2d 475 (1992)
Richard Earl WALKER, Petitioner,
v.
STATE of Florida, Respondent.
No. 78759.
Supreme Court of Florida.
August 27, 1992.
*476 James Marion Moorman, Public Defender and Timothy A. Hickey, Asst. Public Defender, Bartow, for petitioner.
Robert A. Butterworth, Atty. Gen., and William I. Munsey, Jr., Donna A. Provonsha and Peggy Quince, Asst. Attys. Gen., Tampa, for respondent.
GRIMES, Justice.
We have for review Walker v. State, 585 So.2d 1107 (Fla. 2d DCA 1991), because of direct conflict with Kirtsey v. State, 511 So.2d 744 (Fla. 5th DCA 1987). We have jurisdiction under article V, section 3(b)(3) of the Florida Constitution.
Walker was convicted of two counts of armed robbery, three counts of kidnapping with a weapon, and one count of kidnapping. On appeal, Walker contended that the evidence was insufficient to support the convictions of kidnapping. The district court disagreed and affirmed the convictions, relying on our decisions in Ferguson v. State, 533 So.2d 763 (Fla. 1988), and Faison v. State, 426 So.2d 963 (Fla. 1983). The court held that in light of Walker's admissions, whether the movement of the victims was of such a degree as to constitute kidnapping became a factual question.
At approximately 9:30 p.m., Walker entered a convenience store. After taking money from the cash register and from a customer, Walker ordered all four of the occupants of the store to go to the back of the store and lie on the floor. Three individuals moved a distance of thirty to forty feet but did not lie down. The fourth individual moved a distance of ten feet after Walker threatened to shoot him. Walker immediately left the store, and the clerk locked the door to the store and called the police.
At the close of the State's case, Walker's motion for judgment of acquittal was denied. In his defense, Walker testified that he instructed the occupants to move to the rear of the store in order to make his escape and reduce the risk of getting caught. After the defense rested, a renewed motion for judgment of acquittal was again denied.
At the outset, we note that the district court of appeal's reliance on Walker's testimony was error. This Court has ruled that a defendant's motion for judgment of *477 acquittal at the close of the State's case is not waived by the defendant's subsequent introduction of evidence if the motion is renewed at the close of all the evidence. State v. Pennington, 534 So.2d 393 (Fla. 1988). Thus, we must decide whether the evidence presented during the State's case was legally sufficient to support the convictions of kidnapping.
Because a literal construction of the kidnapping statute would convert almost every forcible felony into kidnapping, this Court has adopted a three-prong test to determine whether movement or confinement during the commission of another felony is sufficient to justify an additional conviction for kidnapping. Faison v. State, 426 So.2d 963, 965-66 (Fla. 1983). According to Faison, for a kidnapping conviction to stand, the resulting movement or confinement (a) must not be slight, inconsequential, and merely incidental to the other offense; (b) must not be of the kind inherent in the nature of the other offense; and (c) must have some significance independent of the other offense in that it makes the other offense substantially easier to commit or substantially lessens the risk of detection.
In Kirtsey, the defendant and a confederate forced their way into a restaurant as two employees were closing. One of the employees was tied up while the other was forced to open the safe and threatened with a gun. The movement and confinement of both employees were limited to the interior of the restaurant. The Third District Court of Appeal acknowledged that the acts were not inherent in the offense of robbery and arguably may have made the attempted robbery easier to commit. However, in reversing Kirtsey's kidnapping convictions, the court held that the acts were slight and merely incidental to the robbery. At least with respect to the employee who was not tied up, the pertinent facts of Kirtsey are virtually the same as those in the instant case.
We do not believe that the facts of this case fulfill the first prong of the Faison analysis. The limited movement and confinement of the four occupants within the interior of the store were not significant. See Jackson v. State, 436 So.2d 1101 (Fla. 4th DCA 1983). Unlike in Faison, the victims were not dragged from room to room. They were not bound and blindfolded for half an hour as in Marsh v. State, 546 So.2d 33 (Fla. 3d DCA 1989). They were not barricaded inside the bathroom like in Johnson v. State, 509 So.2d 1237 (Fla. 4th DCA 1987), nor were they taken out of the store and put in the restroom located in the rear as in Ferguson. Further, the facts relied upon to support the kidnapping occurred within a matter of seconds.
Because the movement and confinement were slight, inconsequential, and merely incidental to the robberies, Walker cannot be convicted of kidnapping. We quash the decision below to the extent that it affirmed the kidnapping convictions and remand with directions that they be vacated.
It is so ordered.
BARKETT, C.J., and OVERTON, McDONALD, SHAW, KOGAN and HARDING, JJ., concur.