616 So.2d 551 (1993)
Sheddick Lamar GOFF, a/k/a Chuckie Goff, Appellant,
v.
STATE of Florida, Appellee.
Steven Darnell MACK, Appellant,
v.
STATE of Florida, Appellee.
Nos. 92-00456, 92-00541.
District Court of Appeal of Florida, Second District.
March 31, 1993.
*552 James Marion Moorman, Public Defender, and Megan Olson, Asst. Public Defender, Bartow, for appellants.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Donna A. Provonsha and Anne Y. Swing, Asst. Attys. Gen., Tampa, for appellee.
PATTERSON, Judge.
Goff and Mack, codefendants at trial, appeal from their judgments and sentences for armed robbery, armed kidnapping, and attempted armed kidnapping. We consolidate their appeals for the purpose of this opinion, affirm in part and reverse in part.
On January 27, 1991, William Haarer, the assistant store manager of the Publix in Ruskin, was leaving the office area of the store at about 8:50 p.m. when he saw the appellants enter the store. Haarer saw the handle of a gun in Goff's jacket. Goff had Haarer go in the office, open the safe, and fill a bag with money. Mack, who was also armed, brought John Boggs, a store employee, into the office. The appellants ordered Haarer to remove the tape from the video camera in the office. Before doing so, Haarer handed the bag to Boggs to continue filling with money. Several other employees present during the robbery were told to lie on the floor. The appellants then ordered the victims to go down an aisle approximately 180 feet to the back door. The appellants fired two shots and left the scene.
The state charged the appellants with two counts of armed robbery and seven counts of armed kidnapping. Following a jury trial, the appellants were convicted of two counts of armed robbery, two counts of armed kidnapping, and three counts of attempted armed kidnapping.
The appellants first argue that their motions for judgment of acquittal on the kidnapping charges should have been granted. We agree. The movement of the store employees to the back of the store was merely incidental to the robbery and did not have independent significance. See Faison v. State, 426 So.2d 963 (Fla. 1983).
This case is factually similar to Walker v. State, 604 So.2d 475 (Fla. 1992). In Walker, the defendant took money from the cash register at a convenience store and then ordered the occupants of the store to go to the back of the store and lie on the floor. While the victims moved a distance of thirty to forty feet, the defendant left the store. The supreme court held that the limited movement of the victims, which only lasted a few seconds, was insignificant and merely incidental to the robberies. 604 So.2d at 477. On the basis of Faison and Walker, we reverse the armed kidnapping and attempted armed kidnapping convictions.
The appellants also argue that they should not have been convicted and sentenced for two armed robberies; however, both Haarer and Boggs were ordered at gunpoint to put money in a bag, and Haarer was ordered to retrieve the video tape. These acts were sufficiently distinct to support two armed robbery convictions. See Brown v. State, 430 So.2d 446 (Fla. 1983). Accordingly, we affirm the armed robbery convictions.
The appellants' last argument, that the trial court erred in "stacking" the fifteen-year mandatory minimum sentences imposed under the habitual offender statute, is correct. On resentencing for the armed robberies, the trial court must impose concurrent fifteen-year mandatory minimums since the offenses arose from the same criminal episode. Daniels v. State, 595 So.2d 952 (Fla. 1992).
Affirmed in part, reversed in part, and remanded.
RYDER, A.C.J., and FRANK, J., concur.