620 So.2d 1110 (1993)
Cordell TUTT, Appellant,
v.
STATE of Florida, Appellee.
Edwin Leon Williams, Appellant,
v.
STATE of Florida, Appellee.
Melvin Lawrence PAUL, Appellant,
v.
STATE of Florida, Appellee.
Nos. 92-00627, 92-01249 and 92-01251.
District Court of Appeal of Florida, Second District.
June 30, 1993.
James Marion Moorman, Public Defender, and Robert D. Rosen, Asst. Public Defender, Bartow, for appellants.
Robert A. Butterworth, Atty. Gen., Tallahassee; Donna Provonsha-Lentz, David R. Gemmer and Michele Taylor, Asst. Attys. Gen., Tampa, for appellee State.
PER CURIAM.
Because these three appeals involve codefendants who raise the same issue, we consolidate them for purposes of disposition.
All three appellants participated in a robbery of the McDonald's on Buffalo Avenue, Tampa. Each was convicted of seven counts of armed robbery and eight counts of armed kidnapping. The evidence supporting the robbery convictions is not challenged *1111 on appeal. However, the appellants do contend that their kidnapping convictions should be reversed. They rely heavily upon Walker v. State, 604 So.2d 475 (Fla. 1992), and Kirtsey v. State, 511 So.2d 744 (Fla. 5th DCA 1987).
A review of the facts convinces us that the prosecution satisfied the three-prong test established by Faison v. State, 426 So.2d 963, 965 (Fla. 1983). The victims included both customers and restaurant employees. All were ordered to proceed to the rear of the building and into a walk-in freezer. The appellants then forced them to lean against a wall, taking wallets and valuables. Having done this, the appellants closed the freezer door and ordered the victims to remain inside for thirty minutes. Although the door to the freezer could not be locked, the appellants pushed bread racks against it to prevent the victims from escaping. After having been enclosed for approximately five minutes (out of a total fifteen to twenty minutes inside the freezer), some of the victims forced the door open.
Kidnapping, when perpetrated with intent to facilitate commission of another felony, necessarily contemplates some forcible movement or confinement of the victim. However, such movement or confinement
(a) must not be slight, inconsequential, and merely incidental to the other offense; and (b) must not be of the kind inherent in the nature of the other crime; and (c) must have some significance independent of the other crime in that it makes the other crime substantially easier of commission or substantially lessens the risk of detection.
Faison, 426 So.2d at 965.
The duration of the confinement is not an integral part of the test even though it may bear on whether the confinement was slight or inconsequential. Moreover, the determination of whether the confinement makes the other crime substantially easier of commission or substantially lessens the risk of detection does not depend upon the accomplishment of its purpose. The question is whether the initial confinement was intended to further either of those objectives.
Ferguson v. State, 533 So.2d 763, 764 (Fla. 1988).
Both Walker and Kirtsey are distinguishable. The relevant facts of Walker appear at 604 So.2d 476:
At approximately 9:30 P.M., Walker entered a convenience store. After taking money from the cash register and from a customer, Walker ordered all four of the occupants of the store to go to the back of the store and lie on the floor. Three individuals moved a distance of thirty to forty feet but did not lie down. The fourth individual moved a distance of ten feet after Walker threatened to shoot him. Walker immediately left the store, and the clerk locked the door to the store and called the police.
The supreme court described this movement as "limited" and "not significant," 604 So.2d at 477, and thus insufficient to sustain a kidnapping conviction. Similarly,
Kirtsey and a male confederate forced their way into a Pizza Hut as the last two employees were closing the store. One of the employees was tied up and moved about the interior of the store. The other was forced to open the safe and threatened with a gun. No other acts of confinement or movement occurred.
511 So.2d at 745. The district court found these acts, though they "arguably may have made the attempted robbery easier to commit," were "slight and merely incidental." Id.
The supreme court contrasted the facts of Walker with those in Marsh v. State, 546 So.2d 33 (Fla. 3d DCA 1989), Johnson v. State, 509 So.2d 1237 (Fla. 4th DCA 1987), and Ferguson. In Marsh, victims were "bound and blindfolded for half an hour"; in Johnson they were "barricaded inside the bathroom"; and in Ferguson they were "taken out of the store and put in the restroom located in the rear." 604 So.2d at 477. Use of the freezer in the present case  a separate room, shielded when closed from easy visibility, and its egress blocked by a heavy object  and the *1112 appellants' instructions not to attempt to leave for half an hour elevates these appellants' conduct well beyond the less deliberate, unfocused movement in Walker and Kirtsey. Accordingly, we affirm all three appellants' convictions for both armed robbery and armed kidnapping.[1]
Only appellant Edwin Williams challenges his sentence. We find that the imposition of consecutive life sentences represents a departure from the guideline recommendation of life in prison. Allen v. State, 561 So.2d 1339 (Fla. 2d DCA 1990). The record contains no contemporaneous departure order, and the transcript of appellant's sentencing hearing suggests the trial court may have been unaware it was imposing a departure sentence. Accordingly, we remand with instructions to resentence Williams within the recommended range. Pope v. State, 561 So.2d 554 (Fla. 1990).
Convictions affirmed; sentences affirmed in case numbers 92-00627 and 92-01251; sentence reversed in 92-01249.
RYDER, A.C.J., and PATTERSON and ALTENBERND, JJ., concur.
NOTES
[1] Appellant Cordell Tutt raises a second issue concerning the alleged violation of a motion in limine. Given the overwhelming weight of the evidence in this case, which included Tutt's confession, any error was harmless.