643 So.2d 702 (1994)
Ronald CATHCART, Appellant,
v.
STATE of Florida, Appellee.
No. 93-1883.
District Court of Appeal of Florida, Fourth District.
October 19, 1994.
Rehearing Denied November 21, 1994.
Richard L. Jorandby, Public Defender, and Susan D. Cline, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Ettie Feistmann, Asst. Atty. Gen., West Palm Beach, for appellee.
GUNTHER, Judge.
Appellant, Ronald Cathcart, was convicted of robbery of an automobile with a weapon and kidnapping. He appeals his judgment and sentence for kidnapping and the imposition of prosecution costs and public defender fees. We affirm the kidnapping conviction and reverse the imposition of the costs and fees.
Appellant confronted Carol Moore at the Orange Blossom Mall while she was seated in her car searching for her car keys. Appellant demanded Moore's money and a struggle ensued. Appellant somehow procured *703 the car keys and immobilized Moore by sitting on top of her. As he observed a security guard approaching the scene, Appellant started the car and drove some 200 yards before forcibly ejecting Moore from the moving vehicle. Appellant was finally apprehended after more than a twenty minute chase.
Kidnapping is defined as forcibly, secretly, or by threat confining, abducting, or imprisoning another person against his will and without lawful authority with intent to commit or facilitate the commission of a felony. 787.01(2), Fla. Stat. (1993). The supreme court has pronounced a three-pronged test for determining whether the evidence is sufficient to support a charge of kidnapping. Faison v. State, 426 So.2d 963 (Fla. 1983). In order for an act to constitute kidnapping, the taking or confinement alleged to have been done to facilitate another crime (1) must not be slight, inconsequential and merely incidental to the other crime; (2) must not be of the kind inherent in the nature of the other crime; and (3) must have some significance independent of the other crime in that it makes the other crime easier to commit or makes detection of the other crime substantially more difficult. Id. at 965. Each prong of the Faison test must be met before the kidnapping charge is sufficiently supported. Id.
Appellant's actions not only facilitated the robbery of the automobile but also satisfies all three prongs of Faison. First, Appellant's confinement of Moore was not slight in that he held Moore down for a certain period of time and confined her for some 200 yards before forcibly ejecting her from the moving vehicle. Second, the confinement in this case was in no way inherent in the commission of the underlying robbery because the robbery could have been committed without the confinement, i.e., Appellant could have ejected Moore from the car before driving away. See Ferguson v. State, 533 So.2d 763, 764 (Fla. 1988). Finally, Moore's confinement lessened the risk of detection; ejecting the resisting Moore at the outset would have slowed Appellant's departure thereby increasing the risk of apprehension. Because all of the prongs of the Faison test have been met, Appellant's conviction for kidnapping is affirmed.
At sentencing, the trial court sua sponte ordered Appellant to pay $200.00 as prosecution costs, without notice, without the court's determining his financial ability to pay, and without proof of how much was expended. This was error. The assessment of prosecution costs is discretionary, and therefore notice is required. Sutton v. State, 635 So.2d 1032 (Fla. 2d DCA 1994). The defendant must have an opportunity to be heard, and the record must state the statutory authority for the imposition of the costs. Williams v. State, 604 So.2d 13 (Fla. 2d DCA 1992). Moreover, if costs of prosecution are based on section 939.01, Florida Statutes, the state has the burden of proving the amount of these costs, and the court must consider the defendant's financial resources before imposing them. Tennie v. State, 593 So.2d 1199 (Fla. 2d DCA 1992). In the instant case, Appellant was not made aware of how the $200.00 was arrived at, and the court did not consider the actual amount of the costs incurred or Appellant's financial ability to pay. Accordingly, we reverse the trial court's assessment of prosecution costs and remand with directions to consider the State's actual cost and Appellant's ability to pay.
The trial court also ordered Appellant to pay $200.00 in public defender fees sua sponte and without notice. Public defender fees may not be imposed without notice and the opportunity for meaningful consideration. In the Interest of R.B., 582 So.2d 163 (Fla. 4th DCA 1991); see Mounts v. State, 638 So.2d 602 (Fla. 4th DCA 1994). Because no notice was afforded, the imposition of public defender fees is reversed.
AFFIRMED IN PART; REVERSED IN PART AND REMANDED.
STEVENSON, J., concurs.
KLEIN, J., dissents with opinion.
KLEIN, Judge, dissenting.
I dissent from that portion of the majority opinion affirming the kidnapping conviction. *704 According to the testimony of the victim, appellant told her all he wanted was her money, and a struggle then ensued between them. The victim tried to burn appellant with her cigarette and tried to reach the horn, while appellant pounded on her and tried to get the keys away from her. Appellant got the keys and started the car, while he was on top of her. The next thing she knew he said something like "you are out of here", and she was lying on the ground.
An officer in his vehicle at the mall observed appellant inside the victim's car, straddling her, and as he drove towards them, her car took off. He observed that appellant pushed the victim out of the car after the car went about 200 yards. The appellant then led the police on a high-speed chase on I-95 until he was ultimately apprehended.
When appellant was subsequently arrested he gave a statement, after being read his rights, which was played at trial. In his statement appellant said that he wanted the victim's money, that she did not cooperate, and when he saw the officer coming toward them in his car he started the car and put it in gear.
I conclude that the requirements of Faison v. State, 426 So.2d 963 (Fla. 1983), have not been met here, although it is not Faison so much as cases construing Faison which have persuaded me.
In Ferguson v. State, 533 So.2d 763 (Fla. 1988), the defendant, after robbing a fast food restaurant, forced the manager and three employees outside of the store and into a restroom located in the rear. They were not locked in. When the victims looked out after approximately a minute they observed the defendant riding off on a bicycle and let themselves out. In holding that the Faison test was met, the court stated:
First, the movement was not slight, inconsequential or incidental to the robbery because the victims were forced out of the restaurant at gunpoint and into a restroom located in the rear. Second, the asportation was not inherent in the nature of the crime because the robbery could have been committed on the spot without any movement whatsoever. Third, the confinement was intended to make it more difficult for the victims to identify the perpetrator and immediately call for help.
Although the question of whether a kidnapping occurred in the present case is close, I am persuaded by the second and third statements from Ferguson, set forth above, that the conviction should be reversed. The court pointed out in Ferguson that the movement of the victims was not inherent in the crime because the crime could have been committed without the movement. Unlike Ferguson, in the present case the movement was inherent in the robbery because the victim was resisting the robbery. Appellant, having started the car in order to elude the approaching officer, while still struggling, pushed the victim out of the car after driving a few hundred yards. Had he kept her in the vehicle during the ensuing chase it would be another matter.
The Ferguson court also pointed out that the confinement in that case was intended to hinder the victim in identifying the defendant and prevent a call for help. In contrast, in the present case, confining her in the car with him could only have made it easier for her to subsequently identify him. Nor did the confinement prevent a call for help here, since help was visibly approaching.
I am also persuaded by Walker v. State, 604 So.2d 475 (Fla. 1992), a discussion of which, for this purpose, must begin with Kirtsey v. State, 511 So.2d 744 (Fla. 5th DCA 1987). In Kirtsey defendant and a companion robbed a Pizza Hut after closing, tying up one of the employees and forcing the other to open the safe. The fifth district reversed a kidnapping conviction on the ground that the confinement was slight and incidental to the robbery.
In Walker the defendant, after taking money from the cash register and a customer, ordered the four occupants of the store to go to the rear and lie on the floor. Three of them moved 30 to 40 feet without lying down and the fourth moved 10 feet, whereupon defendant immediately left the store. After defendant's conviction for kidnapping was affirmed[1], *705 the supreme court granted review because of conflict with Kirtsey. The court resolved the conflict in favor of Kirtsey, and reversed Walker's conviction for kidnapping, stating:
We do not believe that the facts of this case fulfill the first prong of the Faison analysis. The limited movement and confinement of the four occupants within the interior of the store were not significant. See Jackson v. State, 436 So.2d 1101 (Fla. 4th DCA 1983). Unlike in Faison, the victims were not dragged from room to room. They were not bound and blindfolded for half an hour as in Marsh v. State, 546 So.2d 33 (Fla. 3d DCA 1989). They were not barricaded inside the bathroom like in Johnson v. State, 509 So.2d 1237 (Fla. 4th DCA 1987), nor were they taken out of the store and put in the restroom located in the rear as in Ferguson. Further, the facts relied upon to support the kidnapping occurred within a matter of seconds.
Because the movement and confinement were slight, inconsequential, and merely incidental to the robberies, Walker cannot be convicted of kidnapping....
Walker, 604 So.2d at 477.
When the supreme court resolved the conflict between Walker and Kirtsey in favor of Kirtsey, it gave its stamp of approval to the holding of the fifth district in Kirtsey that tying up a victim of a robbery, in and of itself, does not constitute kidnapping. Although what the appellant did in the present case was certainly a battery or false imprisonment, it no more constitutes kidnapping, in my opinion, than the tying up of a robbery victim. The confinement and movement were only for a short period of time. Moreover, the robbery victim testified that the appellant told her he only wanted her money, which was consistent with what the appellant said in his statement, and that evidence was uncontradicted. Thus the confinement and movement resulted solely because the victim was resisting the robbery. I would conclude, based on Faison, as interpreted by Ferguson, Kirtsey and Walker, that this was not a kidnapping.
NOTES
[1] Walker v. State, 585 So.2d 1107 (Fla. 2d DCA 1991).