647 So.2d 1013 (1994)
Alfred WILCHER, Appellant,
v.
STATE of Florida, Appellee.
No. 94-0605.
District Court of Appeal of Florida, Fourth District.
December 21, 1994.
*1014 Robert Friedman, Delray Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Don M. Rogers, Asst. Atty. Gen., West Palm Beach, for appellee.
STONE, Judge.
Appellant was convicted of armed robbery and four counts of armed kidnapping. We reverse the judgment on the four kidnapping counts and affirm as to the armed robbery.
Appellant, with two others, entered a store with the purpose of committing a robbery and, at gunpoint, ushered several employees into a back room approximately 50 to 60 feet from the front of the store. The victims were forced to lay on the floor and were told not to look at the perpetrators. The manager was then taken to the front to open the safe and was later returned to the floor with the others.
It was error to deny Appellant's motion for judgment of acquittal on the kidnapping charges. Walker v. State, 604 So.2d 475 (Fla. 1992). In Walker, under similar circumstances, the supreme court determined that moving several victims 30 or 40 feet to the rear of a store in the course of a robbery is a slight and inconsequential act that is merely incidental to a robbery. In reaching this conclusion, the court applied the test adopted in Faison v. State, 426 So.2d 963, 965-66 (Fla. 1983), used to determine whether evidence is sufficient to constitute kidnapping under section 787.01, Florida Statutes. Under this test, the movement or confinement: (a) must not be slight, inconsequential and merely incidental to the other crimes; (b) must not be the kind inherent in the nature of the other crimes; and (c) must have some significance independent of the other crimes in that it makes the other crimes substantially easier to commit or substantially lessens the risk of detection. See also, Kirtsey v. State, 511 So.2d 744 (Fla. 5th DCA 1987).
In Walker, the court distinguished related cases in which kidnapping convictions have been upheld:
Unlike in Faison, the victims were not dragged from room to room. They were not bound and blindfolded for half an hour as in Marsh v. State, 546 So.2d 33 (Fla. 3d DCA 1989). They were not barricaded inside the bathroom like in Johnson v. State, 509 So.2d 1237 (Fla. 4th DCA 1987), nor were they taken out of the store and put in the restroom located in the rear as in Ferguson. [Ferguson v. State, 533 So.2d 763 (Fla. 1988)]... .
Walker at 477.
The facts of this case are certainly more closely analogous to those in Walker than to the facts in the above cases distinguished in Walker. We recognize that the events in Walker occurred within a somewhat shorter time frame, and that apparently the victims in Walker did not obey the command to lie on the floor as they did here. Nevertheless, we cannot justify a failure to apply the Walker reasoning here simply because Appellant moved the victims 20 feet further, and across a threshold, and committed the crime within minutes rather than seconds.
Therefore, the judgments on the four kidnapping counts are reversed and we remand for resentencing on the robbery conviction. With respect to the other issue on appeal, we find no abuse of discretion.
FARMER and STEVENSON, JJ., concur.