STONE, Judge.
We affirm Appellants’ conviction for kidnapping. Taking the facts most favorably to the state, the trial court did not err in denying Appellants’ motion to dismiss filed pursuant to Florida Rule of Criminal Procedure 3.190(e)(4). Appellants, charged with multiple counts of robbery and kidnapping, pled no contest to kidnapping charges, reserving the right to appeal the denial of the motion.
As traversed, the facts reflect that the robbery victim was using an ATM machine when she was robbed at gunpoint by Appellants. During the robbery, her son was ordered out of their car and to the ground. After the victim gave her money to them, Appellants ordered her and her son into the trunk of the ear. Although the trunk was not completely closed, the lid was lowered, leaving only a space for the barrel of a shotgun to be placed inside and pointed at the son’s stomach. Under this threat, the victims were ordered not to come out of the trunk in order to give the assailants time to leave.
Section 787.01(l)(a)2, Florida Statutes, provides, in pertinent part, that the term *55 kidnapping means forcibly, secretly, or by threat confining or imprisoning a victim with intent to facilitate commission of a felony.
The Florida Supreme Court, in Faison v. State, 426 So.2d 963, 965 (Fla.1983) (quoting State v. Buggs, 219 Kan. 203, 216, 547 P.2d 720, 731 (1976)), determined that to sustain a conviction on this ground, the confinement:
(a) Must not be slight, inconsequential and merely incidental to the other crime;
(b) Must not be of the kind inherent in the nature of the crime; and
(e) Must have some significance independent of the other crime in that it makes the other crime substantially easier of commission or substantially lessens the risk of detection.
We cannot conclude that forcing victims into the trunk of a car after completion of a robbery, lowering the trunk lid, threatening them with a shotgun by pointing it at them and telling them not to get out of the trunk in order to provide themselves with time to leave (whereupon the robbers immediately flee the scene) are acts that collectively, and as a matter of law, are inconsequential and merely incidental to the robbery. Neither is such conduct inherent in the nature of a robbery. We have considered Walker v. State, 604 So.2d 475 (Fla.1992), and Wilcher v. State, 647 So.2d 1013 (Fla. 4th DCA 1994), but do not deem the circumstances here to be analogous to the incidental act of ordering victims (or bystanders) to lie on the floor at the scene, or go to the other side of a room or an adjoining room, in the course of the commission of a robbery.
In this case, we conclude that the offending acts had a significance independent of the robbery. The conduct here was obviously intended to reduce, and may substantially have lessened, the risk of detection by giving the Appellants the opportunity to make a more effective getaway. See Ferguson v. State, 533 So.2d 763 (Fla.1988); Johnson v. State, 509 So.2d 1237 (Fla. 4th DCA 1987); Parker v. State, 570 So.2d 1048 (Fla. 1st DCA 1990). See also Berry v. State, 668 So.2d 967 (Fla.1996).
GLICKSTEIN, J., concurs.
GROSS, J., dissents with opinion.