GROSS, Judge,
dissenting.
The issue in this case is whether the evidence can support convictions of armed kidnapping under section 787.01, Florida Statutes (1995), in addition to robbery with a firearm under section 812.13(2)(a), Florida Statutes (1995), a first degree felony. In light of the supreme court’s decisions in Berry v. State, 668 So.2d 967 (Fla.1996), and Walker v. State, 604 So.2d 475 (Fla.1992), the armed kidnapping convictions should be reversed.
Section 787.01(l)(a)2, Florida Statutes (1995), defines kidnapping as “forcibly, secretly or by threat confining, abducting, or imprisoning another person against his will and without lawful authority, with intent to ... commit or facilitate commission of any felony.” The state’s theory of kidnapping was that the confinement of the victims in the trunk was with the intent to commit or facilitate the commission of a robbery. See § 787.01(l)(a)2, Fla. Stat. (1995). Under Faison v. State, 426 So.2d 963, 965-66 (Fla.1983), to support a conviction of kidnapping to facilitate the commission of another felony, the movement or confinement of the victim (a) must not be slight, inconsequential and merely incidental to the other crime; (b) must not be of the kind inherent in the nature of the crime; and (e) must have some significance independent of the other crime in that it makes the other crime substantially easier of commission or substantially lessens the risk of detection.
The purpose of the Faison test is to analyze the facts of a case to determine whether a defendant’s conduct amounts to separate crimes. A loose application of the kidnapping statute “would convert every first degree robbery ... into two life felonies.” Id. at 965. Berry and Walker demonstrate that the supreme court has applied Faison in a way that isolates kidnapping from robbery by requiring significant confinement or imprisonment apart from that occurring during a robbery. Broadly applying the Faison test to find separate crimes ignores section *56 775.021(1), Florida Statutes (1995) which provides:
The provisions of [the Florida Criminal Code] and offenses defined by other statutes shall be strictly construed; when the language is susceptible of differing constructions, it shall be construed most favorably to the accused.
I agree with the majority that the last two elements of the Faison test have been met in this case. However, in the instant case neither the confinement nor the movement of the victims supports a kidnapping conviction under the first prong of Faison. In Berry, the supreme court construed the first part of the test to mean that “there can be no kidnapping where the only confinement involved is the sort that, though not necessary to the underlying felony, is likely to naturally accompany it.” 668 So.2d at 969. As an example, the court stated that moving robbery victims to a different room of an apartment, closing the door, and ordering them not to come out, will not sustain a conviction for kidnapping. The court explained this result by noting that “any confinement accompanying the robbery would cease naturally with the robbery.” Id. Forcing the victims in this case into the trunk, a different compartment of the car, and lowering the lid is analogous to moving victims to a different room of an apartment and closing the door. The victims in this case were not bound and the trunk was not shut; thus, under Berry, their “confinement” ceased “naturally with the robbery,” even though it was a more profound invasion of their personal security than being relieved of money at gunpoint.
Similarly, under Faison there was insufficient “movement” of the victims to constitute a kidnapping apart from the robbery. In Walker, the supreme court reversed a kidnapping conviction where the defendant and another moved several employees at gunpoint thirty to forty feet to the back of a store and ordered them to lie down. The supreme court held that this movement was “slight”, “not significant” and only incidental to the robbery. Walker, 604 So.2d at 477. Measured by distance, the movement of the victims in this case was less extreme than that in Walker, only a matter of feet.
Because I cannot effectively distinguish this case from Walker and Berry, I respectfully dissent.