*313
 
 PER CURIAM.
 

 This matter is before us on the Petition for Writ of Habeas Corpus filed by Alfred Wilcher. Wilcher claims that his appellate counsel was ineffective during the appeal from his resentencing proceeding in 1995. The claim of ineffective assistance of appellate counsel was not timely raised. Fla. R.App. P. 9.141(c)(4)(B). We dismiss the petition. Additionally, we bar Wilcher from filing any papers arising out of or in connection with his conviction and sentence for armed robbery in Broward circuit court case number 93-3493 CF10A.
 

 By way of background, after an appeal of his original conviction for four counts of armed kidnapping and one count of armed robbery, Wilchers conviction for armed robbery was affirmed and his case remanded for resentencing on that charge only.
 
 Wilcher v. State,
 
 647 So.2d 1013, 1014 (Fla. 4th DCA 1994). Wilcher appealed following his resentencing, and this court affirmed without opinion.
 
 Wilcher v. State,
 
 670 So.2d 961 (Fla. 4th DCA 1996).
 

 Since that appeal, Wilcher has filed numerous other challenges to his conviction and sentence, as well as claims of ineffective assistance of counsel.
 
 Wilcher v. State,
 
 46 So.3d 574 (Fla. 4th DCA 2010) (sentence exceeded scoresheet and sequential issue with predicate offense(s));
 
 Wilcher v. State,
 
 893 So.2d 613 (Fla. 4th DCA 2005) (credit for time served);
 
 Wilcher v. State,
 
 855 So.2d 72 (Fla. 4th DCA 2003) (trial court did not realize that it was not required to impose habitual offender sentence);
 
 Wilcher v. State,
 
 821 So.2d 1081 (Fla. 4th DCA 2002) (guidelines sentence should have been imposed);
 
 Wilcher v. State,
 
 793 So.2d 965 (Fla. 4th DCA 2001) (challenge to discrepancy between oral and written sentence; insufficient findings to support enhanced sentence).
 

 The petition now before us purports to take issue with his attorneys performance in 1995 in connection with the appeal of his sentence on remand. More particularly, Wilcher argues that the resentencing process was not de novo, that counsel failed to challenge the incorrectly calculated score-sheet, and also failed to challenge an insufficient predicate to support his enhanced sentence. The claim was not raised within two years after the judgment and sentence became final as required by Rule 9.141(c)(4)(B). This petition was filed some fifteen years after the sentence imposed on remand became final.
 

 Further, the claim is repetitive. Wilchers claim that he was entitled to and denied a de novo resentencing has been considered and rejected at least twice.
 
 Wilcher v. State,
 
 915 So.2d 1224 (Fla. 4th DCA 2005);
 
 Wilcher v. State,
 
 884 So.2d 947 (Fla. 4th DCA 2004). Challenges to Wilchers predicate offenses have also been rejected at least twice.
 
 Wilcher v. State,
 
 958 So.2d 943 (Fla. 4th DCA 2007);
 
 Wilcher v. State,
 
 873 So.2d 336 (Fla. 4th DCA 2004). This court has considered many other challenges to Wilchers resentencing as well and has affirmed each case.
 

 The petition for writ of habeas corpus is dismissed.
 
 See Baker v. State,
 
 878 So.2d 1236 (Fla.2004) (reiterating that habeas relief cannot be used to litigate issues that could have been or were raised on direct appeal or in postconviction motions and that such petitions are subject to being dismissed as unauthorized).
 

 In response to this latest filing, Wilcher was directed to show cause why sanctions should not be imposed against him.
 
 State v. Spencer,
 
 751 So.2d 47 (Fla.1999).
 
 See also
 
 Fla. R.Crim. P. 3.850(m). Based on our review of the history of petitioners past filings as well as the instant petition, his response and our previous warning, we hold that this latest petition is untimely,
 
 *314
 
 successive, and frivolous.
 
 See
 
 Fla. R.App. P. 9.141(c)(4)(B).
 

 By separate order, we direct the Clerk of this Court to reject and return any pro se papers Wilcher may attempt to file in this court in connection with his conviction and sentence for armed robbery originating in Broward circuit court case number 93-3493 CF10A.
 

 Petition dismissed.
 

 POLEN, STEVENSON and DAMOORGIAN, JJ., concur.