676 So.2d 1 (1995)
Jonathon B. HUMPHRIES, Appellant,
v.
STATE of Florida, Appellee.
No. 94-2474.
District Court of Appeal of Florida, Fifth District.
June 16, 1995.
Order on Rehearing December 1, 1995.
Order Denying Rehearing June 28, 1996.
*2 James B. Gibson, Public Defender, and Dee R. Ball, Sp. Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Timothy D. Wilson, Asst. Atty. Gen., Daytona Beach, for appellee.
Order Denying Rehearing En Banc June 28, 1996.
DAUKSCH, Judge.
This is an appeal from a judgment and sentence in a kidnapping and robbery case. Appellant was convicted of
Count IAttempted Robbery With a Firearm;
Count IIShooting at, within or into a Building;
Count IIIAttempted First Degree Murder with a Firearm;
Count IVCarrying a Concealed Firearm;
Counts V & VIAttempted Kidnapping with a Weapon.
He complains that his conviction for attempted kidnapping should be reversed because the facts do not satisfy the Faison[1] test. That case requires that if a person is charged with kidnapping incidental to another crime, such as robbery or rape, then it must be proved that the movement or confinement of the victim
(a) Must not be slight, inconsequential and merely incidental to the other crime;
(b) Must not be of the kind inherent in the nature of the other crime; and
(c) Must have some significance independent of the other crime in that it makes the other crime substantially easier of commission or substantially lessens the risk of detection.
Id. at 965.
Here, appellant was armed and brought duct tape to a store to rob it. He ordered the victims into a storage area and began to secure the victims with the tape. They resisted and appellant was thwarted in his robbery attempt, as well as his alleged kidnapping attempt. He did succeed in shooting one of the victims in the face.
We reverse the convictions and sentences for kidnapping because the attempts to kidnap were merely incidental to the principal plan of appellant to rob the store. See also Walker v. State, 604 So.2d 475 (Fla.1992); Kirtsey v. State, 511 So.2d 744 (Fla. 5th DCA 1987). Because appellant's written judgment and sentence do not conform to the oral sentences, the trial judge on remand should properly resentence appellant.
AFFIRMED in part; REVERSED in part; SENTENCES VACATED; REMANDED FOR RESENTENCING.
GOSHORN and THOMPSON, JJ., concur.

*3 ON MOTION FOR REHEARING

GOSHORN, Judge.
Appellant asserts on rehearing that the supreme court's recent decision in State v. Gray, 654 So.2d 552 (Fla.1995), holding that the State of Florida no longer recognizes the crime of attempted felony murder, is applicable to his appeal. See also State v. Grinage, 656 So.2d 457 (Fla.1995) (reiterating that the holding in Gray "is applicable to all cases pending on direct review or not yet final at the time of the Gray opinion."). We agree and remand for a new trial on Count III.
In Count III, Appellant was charged with the attempted murder of the victim either by premeditation or during the commission of a felony. The jury simply found Appellant guilty of attempted first degree murder "as charged." Hence, it is unclear whether the jury found Appellant guilty of a premeditated act or whether it resolved the charge on the assertion of attempted felony murder. Because it is impossible to determine which of the two theories the jury accepted, remand for retrial on the charge of attempted premeditated murder is required. See United States v. Garcia, 938 F.2d 12 (2d Cir.1991) (holding that where there was insufficient evidence to support one of two alternative theories of prosecution and there was no way to determine upon which theory the jury had convicted the defendant, retrial on the remaining theory was not barred by the double jeopardy clause because there was no implication of an acquittal on the remaining theory and the ends of justice would be served by retrial).
COUNT III REVERSED and REMANDED.
THOMPSON, J., concurs.
DAUKSCH, J., dissents with opinion.
DAUKSCH, Judge, dissenting.
I respectfully dissent. There was sufficient evidence to support the charge of attempted premeditated murder. Therefore I would affirm his conviction.

ON MOTION FOR REHEARING
GOSHORN, Judge.

EN BANC
The court sua sponte has elected to consider en banc the appellee's motion for rehearing of our opinion filed December 1, 1995, and deny the motion.
PETERSON, C.J., and DAUKSCH, COBB, W. SHARP, HARRIS, GRIFFIN, THOMPSON and ANTOON, JJ., concur.
NOTES
[1] Faison v. State, 426 So.2d 963 (Fla. 1983).