MARC E. JOHNSON, Judge.
| ^Defendant, Rene S. Williams, appeals his convictions and sentences for possession with -intent to distribute heroin, and possession of a firearm by a convicted felon from the 24th Judicial District Court, Division “N”'. For the following reasons, we affirm Defendant’s sentences and convictions and remand the-matter'for Correction of the hard labor commitment and the Uniform Commitment Order. Additionally, we grant appellate counsel’s motion to withdraw.
FACTS AND PROCEDURAL HISTORY
On November 21, 2012,' the' Jefferson Parish District Attorney filed a bill of information charging Defendant, Rene S, Williams, with possession with intent to distribute heroin in violation of La. R.S. 40:966(A) (count one); possession with intent to 'distribute marijuana in violation of La. R.S. 40:966(A) (count tyro); and possession of a firearm by a convicted felon in violation of La. R.S. 14:95.1 (count three). Defendant was arraigned on December 3, 2012, and pleaded not guilty. On January 3, 2013, Defendant filed a “Motion for Competency Examination,” which the trial judge granted. Thereafter, on January 23, 2013, a competency hearing was I «held, after which the trial judge found Defendant competent to stand trial. On March 5, 2013, the trial judge denied Defendant’s motion to suppress statement and granted his motion to suppress evidence. On March 14, 2013, Defendant’s motion to quash was denied.
On March 19, 2013, a jury trial began; however, before opening statements, Defendant withdrew his not guilty pleas and pleaded guilty as charged on counts one and three.[1] Because Defendant pleaded guilty, the underlying facts were not fully developed at a trial. Nevertheless, the State alleged in the bill of information that on or about September 18, 2012, Defendant violated La. R.S. 40:966(A) in that he did knowingly or intentionally possess with intent to distribute a controlled dangerous substance, to wit: heroin (count one), and that on September 18, 2012, defendant violated La. R.S. 14:96.1, in that he did have in his possession a firearm, having been previously convicted of the crime, of possession of cocaine in violation of La. R.S. 40:967(C) under case number 10-5931, Division “H”, in the 24th Judicial District Court in the Parish of Jefferson (count three). Also on March 19, 2013, the State entered a nolle prosequi on count two. The trial judge sentenced Defendant to imprisonment at hard labor for fifteen years without benefit of probation or suspension of sentence on count one and imprisonment at hard labor for fifteen years without benefit of parole, probation, or suspension of sentence on count three, with those sentences to run concurrently.[2] The trial judge also ordered. Defendant to pay a. $1,000.00 fine in connection with count three. :
*881 Additionally, on March 19, 2013, the State filed a habitual offender bijl of information alleging Defendant to be a second felony offender, to which Defendant stipulated. On that same date, the trial judge vacated the original sentence on | ¿count one and resentenced Defendant under the habitual offender statute to imprisonment at hard-labor for twenty-five years without benefit of probation or suspension of sentence to run concurrently with the sen-’ tence the sentence on count three and the sentence in district court case number 12-5747. On April 5, 2013, Defendant filed a “Notice of Appeal to Withdraw Plea” and “Motion for Appointment of Counsel,” that were denied. On November 21, 2014, Defendant filed an Application for Post-Conviction Relief (APCR), which the trial judge construed as ah out-of-time appeal and granted. The instant appeal followed. Defendant filed another APCR on January 16, 2015, which was denied as premature.
ASSIGNMENT OF ERROR
On appeal, Defendant seeks review of his convictions and sentences in conformity with the procedures outlined in State v. Jyles, 96-2669 (La.12/12/97); 704 So.2d 241 (per curiam).
LAW AND ANALYSIS
Under the procedure adopted by this Court in State v. Bradford, 95-929 (La. App. 5 Cir. 6/25/96); 676 So.2d 1.1, 08, 1110-11,[3] appointed appellate counsel has filed a brief asserting that he has made a conscientious and thorough review of the entire appellate record, including the procedural history and facts, and has not found any non-frivolous issues to raise on appeal.[4] Accordingly, appointed counsel requests permission to withdraw as counsel of record.
After receiving, appellate counsel’s brief and motion tó withdraw, this Court performed a full examination of all the appellate record to determine whether the | ^appeal is frivolous in accordance with Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and State v. Jyles, supra. Our independent examination of the record supports appellate counsel’s assertion that there are no non-frivolous issues to be raised on appeal.
The bill of information properly charged Defendaiit and plainly and concisely stated the essential facts constituting the offenses charged. It also sufficiently identified Defendant and the crimes charged. See La. C.Cr.P. arts. 462-66. Further, the minute entries reflect that Defendant and his counsel appeared at all crucial stages of the proceedings' against him, including his arraignment, guilty pleas, and sentencing. As such, there are no appealable issues surrounding'defendant’s presence.
Further, Defendant pleaded guilty in this case. Generally, when a defendant pleads guilty, he normally waives all non-jurisdictional defects in the proceedings leading up to the' guilty plea,' and review of such defects eithér by appeal or postconviction relief is precluded. State v. Turner, 09-1079 (La.App. 5 Cir. 7/27/10); 47 So.3d 456, 459. Here, Defendant entered unqualified guilty pleas, and therefore, all non-jurisdictional defects are *882 waived. No rulings were preserved for appeal under the holding in State v. Crosby, 338 So.2d 584 (La.1976).
Also, once a Defendant is sentenced, . only those guilty pleas that are constitutionally infirm may be withdrawn by appeal or post-conviction relief. A guilty plea is constitutionally infirm if it is not entered freely and voluntarily, if the Boykin[5] colloquy is inadequate, or when a defendant is induced to enter the plea by a plea bargain or what he justifiably believes was a plea bargain and that bargain is not kept. State v. McCoil, 05-658 (La.App. 5 Cir. 2/27/06); 924 So.2d 1120, 1124.
|frA review of the record reveals no constitutional infirmity in Defendant’s guilty pleas to the underlying charges. The record shows that Defendant was aware he was charged with and pleading guilty to the crimes of possession; w$h intent, to distribute heroin and possession of a firearm by a convicted felon. On the waiver of rights .form and during the colloquy with the trial judge, Defendant was advised of his right to a jury trial, his right to confrontation, and his privilege against self-incrimination as required by Boykin v. Alabama, supra. Defendant signed the waiver of rights form, indicating that he understood he was waiving these rights by pleading guilty. During., the collQquy with the trial judge, Defendant also indicated that he understood those rights.
During his guilty plea colloquy and in his waiver of rights form, Defendant indicated that he had not been forced, coerced, or threatened into entering his guilty pleas. Defendant was informed during the colloquy, and in the waiver of rights form, of the maximum and minimum sentences and of the actual sentences'that would be imposed if his guilty pleas were accepted. After the colloquy with Defendant, the trial court accepted Defendant’s pleas as knowingly; intelligently, freely, -and voluntarily made.
A. review of the record also reveals no constitutional infirmity in Defendant’s stipulation to the habitual offender bill. During the colloquy, Defendant indicated, that his counsel had provided him with the habitual offender bill alleging him to be a second felony offender. Defendant also-indicated that his attorney had reviewed the habitual offender bill with him. The trial judge advised Defendant of the rights he was waiving, which Defendant indicated he understood. Defendant was advised by the.trial judge of the maximum and minimum enhanced sentence he could receive and of the, actual enhanced sentence he would receive, which Defendant indicated he understood. Defendant also indicated he had not |7been forced, threatened, or coerced into stipulating to the habitual offender bill. Afterward, the trial judge accepted his stipulation to the habitual offender bill as knowingly, intelligently, freely, and voluntarily made by Defendant. The habitual offender waiver of rights form further indicates th,at Defendant was advised of the foregoing rights, sentencing ranges, and actual sentence.
With regard to Defendant’s sentences, La.C.Cr.P. art. 881.2(A)(2) precludes a defendant ‘from seeking review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea. State v. Washington, 05-211 (La.App. 5 Cir. 10/6/05); 916 So.2d 1171, 1173. Here, Defendant’s sentences were imposed in accordance with the terms of the plea agreement set forth in the record at the time of the pleas.
Nevertheless, Defendant’s sentences fall within the sentencing ranges set *883 forth in the statutes. See La. R.S. 14:95.1; La. R.S. 40:966(A); La. R.S. 15:529.1. Moreover, Defendant’s plea agreement was beneficial to him in that he received a fifteen-year sentence on count three when he could have received twenty years, a fifteen-year sentence oh count one when he could have received fifty'years, and a twenty-five-year enhanced sentence as- a second felony offender when he- could have received one hundred years. Defendant’s plea agreement was also beneficial in that the sentences were ordered to run concurrently, and the State dismissed count two. Additionally, the plea agreement was beneficial in that the State agreed to only file a habitual offender bill alleging Defendant to be a second felony offender. Also, the State pointed out that it could -have filed a habitual offender bill alleging him to be a third or fourth felony offender, which would have increased his enhanced sentence significantly.
Because appellate counsel’s brief adequately demonstrates by full discussion and analysis that he reviewed the trial court proceedings and cannot identify any Isbasis for a non-frivolous appeal, and an independent review of the record supports counsel’s assertion, we affirm Defendant’s convictions and sentences.
However, we note the following error found during our review for errors patent.
There is an inconsistency between the transcript and the commitments. The transcript indicates that the enhanced sentence was to run concurrently with the sentence on count three and with the sentence on the misdemeanor conviction (case number 12-5747). However, the hard labor commitment and the Uniform Commitment Order only show that the enhanced sentence was to run concurrently with the sentence in case number 12-5747. The transcript prevails. State v. Lynch, 441 So.2d 732, 734 (La.1983).
Therefore, we order the trial court to correct'the commitments to reflect that the enhanced sentence is to run concurrently'with the sentences on count three and in case number 12-5747. We also order the clerk of the trial court to transmit the'new commitments-to the officer in charge of the ihstitution to which Defendant has been sentenced-and to the Department of Corrections’ legal department. See La.C.Cr.P. art. 892(B)(2); State ex rel. Roland v. State, 06-0244 (La.9/15/06); 937 So.2d 846 (per curiam).
DECREE
For the foregoing reasons,'the convictions óf Defendant, Rene S. Williams, are affirmed. We also grant appellate counsel’s motion to withdraw. Additionally, we remand the matter for correction of the hard labor commitment and the Uniform Commitment Order pursuant to the instructions provided in this opinion.

CONVICTIONS AND SENTENCES AFFIRMED; REMANDED FOR CORRECTION OF COMMITMENT ORDERS; MOTION TO WITHDRAW GRANTED

MURPHY, J„ dissents with reasons.

. Defendant also pleaded guilty to the misdemeanor offense of resisting an officer.

. The trial judge sentenced Defendant on the misdemeanor conviction to six months in parish prison to run concurrently with the sentences on counts one and three..

. In Bradford, supra, this Court adopted the procedures outlined in State v. Benjamin, 573 So.2d 528, 530 (La.App, 4th Cir.1990), which were sanctioned by the Louisiana Supreme . Court in State v. Mouton, 95-0981 (La.4/28/95); 653 So.2d 1176, 1177 (per curiam).

. On June 11, 2015, this Court notified Defendant of his right to file a pro se supplemental brief in this appeal. Defendant foiled to file a supplemental brief. '

. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).