ANTOON, J.
Mikael Cuyler (defendant) appeals his judgments and sentences which were entered by the trial court after a jury found him guilty of committing the crimes of murder,[1] armed robbery,[2] and armed kidnapping.[3] We affirm the defendant’s convictions, but reverse portions of his sentences and remand for re-sentencing.
The defendant first contends that the trial court erred in denying his motion for entry of a judgment of acquittal on two counts of armed kidnapping. We affirm the trial court’s ruling because the state presented evidence which indicated that the defendant’s actions of ordering a customer and delivery person, both of whom arrived at the crime scene after the murder was committed, to enter and remain in the store where the murder and robbery were committed were not merely incidental to the commission of the murder and armed robbery. See Berry v. State, 668 So.2d 967 (Fla.1996); see also Faison v. State, 426 So.2d 968 (Fla.1983); Garvin v. State, 685 So.2d 17 (Fla. 3d DCA 1996).
The defendant next argues that, in sentencing him on his robbery and kidnapping convictions, the trial court erred in departing from the sentencing guidelines without providing written reasons justifying the departure. We agree.
The defendant was convicted of committing murder, armed robbery, and two counts of armed kidnapping. The trial court sentenced the defendant to a mandatory term of life imprisonment on the murder conviction. As for the remaining felonies, the defendant’s sentencing guidelines scoresheet provided for an upward range of 266.7 months’ imprisonment. The trial court departed from the guidelines and imposed a term of life imprisonment on each count. Over the defendant’s objection, the trial court failed to set forth any reasons to justify departure. This failure constitutes reversible error. See Robertson v. State, 611 So.2d 1228 (Fla.1993). Accordingly, we must vacate the sentences imposed on the robbery and kidnapping convictions and remand this matter for re-sentencing.
Judgments AFFIRMED; sentences AFFIRMED in part, REVERSED in part; cause REMANDED for re-sentencing.
COBB and GOSHORN, JJ., concur.

. § 782.04, Fla. Stat. (1995). '

. § 812.13(2)(a), Fla. Stat. (1995). .

.§ 787.01, Fla. Stat. (1995).