745 So.2d 1051 (1999)
Winston BIGGS, Appellant,
v.
The STATE of Florida, Appellee.
No. 97-3366.
District Court of Appeal of Florida, Third District.
November 3, 1999.
Bennett H. Brummer, Public Defender, and Luis Fernandez, Special Assistant Public Defender for appellant.
*1052 Robert A. Butterworth, Attorney General, and Linda S. Katz, Assistant Attorney General, for appellee.
Before SCHWARTZ, C.J., and COPE and SORONDO, JJ.
COPE, J.
Winston Biggs appeals his conviction after trial by jury. He was convicted of two counts of armed robbery, one count of armed burglary, five counts of kidnapping, and three counts of aggravated assault. We affirm.
As Charmaine Brown attempted to enter her home, defendant-appellant Biggs and several other individuals forced their way into the home by holding Charmaine at gunpoint. Once inside, they forced Charmaine and her teen-age sister Janelle, who was downstairs at the entrance of the home, to an upstairs bedroom. They were detained in the upstairs bedroom with their mother, June, and two pre-school-age siblings, Malika and Yohancey. The intruders tied the hands of Charmaine and Janelle, demanded money and valuables, and held the victims at gunpoint while they ransacked the room. The victims were then moved to another upstairs bedroom and were forced to show the intruders where valuable items were located. When the robbers believed the victims were lying about where valuables were located, they struck some of the victims several times and threatened to kill the victims, including the teenage victim's infant son who was sleeping in that room. After approximately 45 minutes, the intruders became aware of police officers outside the residence. At that point, after complaints from one of the victims that she was tied so tight she might faint, the robbers untied the victims and fled.
On appeal, defendant contends that the confinement of the victims was inconsequential and merely incidental to the robbery and therefore insufficient to support the convictions for kidnapping. For this proposition defendant relies on Faison v. State, 426 So.2d 963 (Fla.1983).
It is important to point out that defendant's case went to the jury under not one, but two, subparagraphs of the kidnapping statute. The statute states in relevant part:
(1)(a) The term `kidnapping' means forcibly, secretly, or by threat confining, abducting, or imprisoning another person against his will and without lawful authority, with intent to:
. . . .
2. Commit or facilitate commission of any felony.
3. Inflict bodily harm upon or terrorize the victim or another person.
§ 787.01(1)(a)2, 3, Fla. Stat. (1991).[1]
The Faison test applies only to subparagraph 2: confining, abducting, or imprisoning someone with intent to "[c]ommit or facilitate commission of any felony." See Bedford v. State, 589 So.2d 245, 251 (Fla. 1991). It does not apply where the charge is confining, abducting or imprisoning with intent to "[i]nflict bodily harm upon or terrorize the victim or another person." § 787.01(1)(a)3, Fla. Stat.; see Bedford, 589 So.2d at 251; Waddell v. State, 696 So.2d 1229, 1229-30 (Fla. 3d DCA 1997), rev. denied, 707 So.2d 1128 (Fla.1998); Chaeld v. State, 599 So.2d 1362, 1364 (Fla. 1st DCA 1992). For purposes of subparagraph 3 of the statute, we disregard Faison.
Defendant contends that the evidence was legally insufficient to support the conviction of kidnapping under subparagraph 3. We disagree. The evidence outlined at the outset of this opinion certainly shows confinement of the five victims[2] with intent *1053 to terrorize them. The evidence was legally sufficient. That being so, we need not reach defendant's arguments regarding subparagraph 2.
Defendant next argues that his convictions for aggravated assault (of Janelle, Malika and Yohancey) were improper because there was no testimony from these victims that defendant created a well-founded fear that violence was imminent. See §§ 784.011, 784.021, Fla. Stat. (1991). We disagree. For forty-five minutes, the intruders pointed guns at the victims and threatened to kill them, including the teenage victim's infant son. Malika urinated as a result of her fear. Yohancey told the intruders to leave them alone. "[I]t is not always necessary for the victim to testify that he was afraid in order to sustain a conviction of assault." Dunn v. State, 397 So.2d 748, 751 (Fla. 2d DCA 1981). "[W]here the circumstances were such as to ordinarily induce fear in the mind of a reasonable man, then the victim may be found to be in fear, and actual fear need not be strictly and precisely shown." Gilbert v. State, 347 So.2d 1087, 1088 (Fla. 3d DCA 1977). In this case there is a factual basis on which the jury could find fear on the part of the victims. Under the circumstances existing here, any reasonable person would have "a well founded fear of imminent violence." § 784.011, Fla. Stat. (1991). We affirm the convictions for aggravated assault.
Finally, defendant argues that the court erred in granting the State's motion to reopen its case in chief prior to the closing arguments. We find no abuse of discretion. See Delgado v. State, 573 So.2d 83, 86 (Fla. 2d DCA 1990).
Affirmed.
SCHWARTZ, C.J., concurs.
SORONDO, J., (specially concurring)
I agree that all of the kidnaping convictions in this case should be affirmed for the reasons set forth in the majority opinion. Although the majority correctly concludes that it is unnecessary to address the Faison issue raised by the defense, I do so briefly because the problems it presents are recurring in nature.
The application of the Faison test in a uniform manner, in cases involving the type of movement of victims like that in this case, has proven to be extremely difficult. The state's suggestion that the movement of the three victims who were not bound satisfies the Faison test is supported by ample precedent in Florida. See Ferguson v. State, 533 So.2d 763 (Fla.1988)(movement and confinement met definition of kidnaping where defendant forced employees outside of store at gunpoint, put them into restroom at rear, told them to stay inside, yelled "get back in..." when manager peeked out, and victims obeyed for another thirty seconds); Cuyler v. State, 733 So.2d 568 (Fla. 5th DCA 1999)(ordering customer and delivery person who arrived at a murder/robbery crime scene to enter and remain in store where crimes were committed was not merely incidental to commission of these crimes); Brown v. State, 727 So.2d 337 (Fla. 4th DCA 1999)(restraint and confinement was not merely incidental where defendants accosted employee in restaurant parking lot after closing and forced her back into restaurant and office where they held her while they completed robbery and burglary); Garvin v. State, 685 So.2d 17 (Fla. 3d DCA 1996)(act of forcing Mc-Donald's manager back into restaurant at gunpoint, when manager left to try to call for help during robbery, was not slight, inconsequential or merely incidental to robbery), disapproved on other grounds, State v. Butler, 735 So.2d 481 (Fla.1999); Woodley v. State, 676 So.2d 54 (Fla. 4th DCA 1996)(forcing victim of ATM machine robbery and her son into trunk of car, lowering lid leaving space for shotgun barrel pointed at son's stomach and ordering victims not to come out was not inconsequential or merely incidental to robbery); *1054 Black v. State, 630 So.2d 609 (Fla. 1st DCA 1993)(where Scotty's store employees were forced at gunpoint out of main store building, through area with ten foot high fence that had to be unlocked, and into lumber storage area, where they were put in shed and told not to move, their movement and confinement had independence significant of robbery); Perez v. State, 566 So.2d 881 (Fla. 3d DCA 1990)(during home invasion defendant held girl and housekeeper at gunpoint in living room, while companion forced mother back into bedroom, pushed her against wall and to the floor, put gun to her head, demanded money and jewelry and fired shot while one foot away from her; false imprisonment of daughter and housekeeper was affirmed upon conclusion that their restraint was not slight, inconsequential or merely incidental to the other crime, but false imprisonment of mother vacated as her confinement was inherent in robbery); Rodriguez v. State, 558 So.2d 211 (Fla. 3d DCA 1990)(during the course of 15-20 minute home invasion robbery, defendants gathered victims from different rooms in house, brought them into the living room, held them hostage at gunpoint, kicked and struck them several times while demanding money, and when they refused, two victims were taken around the house at gunpoint in search of money; court held that the movement or confinement was not slight or inconsequential, not inherent in the nature of the other crimes, and helped to avoid detection); Panno v. State, 517 So.2d 129 (Fla. 4th DCA 1987)(defendant's acts in forcing two teenaged girls who were sunbathing to go into their house, shoving one to the ground along the way, were not merely incidental to burglary); Taylor v. State, 481 So.2d 97 (Fla. 3d DCA 1986)(kidnaping proven where subsequent to committing robbery in drive-in food store, defendant confined victim in store bathroom and later forced victim to come out and wait on customers, in effort to lessen risk of detection as to robbery).
The defendant's argument to the contrary is also supported by our jurisprudence. See Walker v. State, 604 So.2d 475 (Fla.1992)(where defendant ordered four occupants of store to go to back and lie down, three complied by moving 30 to 40 feet but did not lie down and the fourth moved 10 feet after robber threatened to shoot him, their limited movement and brief confinement of a matter of seconds was slight, inconsequential and merely incidental to armed robbery); McCutcheon v. State, 711 So.2d 1286 (Fla. 4th DCA 1998)(holding that movement and confinement of victim did not amount to criminal conduct separate from robbery where defendant forced store manager back behind counter and into stockroom to open safe, closed stockroom door, pushed her against wall and hit her because she refused to open safe, struggled with her for 15 minutes before she opened safe, and then demanded that she open cash register before fleeing); Formor v. State, 676 So.2d 1013 (Fla. 5th DCA 1996)(holding that limited movement and confinement of victims was minimal, insignificant and merely incidental to crime of robbery where defendants wearing masks and carrying sawed-off shotguns entered three unlocked motel rooms, ordered victims at gunpoint to get on floor or be killed, after robbing the victims ordered them into bathroom of each motel room and told them not to come out or they might be killed, and victims stayed in bathrooms while robbers went through their luggage); Wilcher v. State, 647 So.2d 1013 (Fla. 4th DCA 1994)(applying Walker reasoning to reverse kidnaping judgments where defendants entered store to commit robbery, ushered several employees at gunpoint into back room approximately 50 to 60 feet from front of store, forced victims to lay on floor, took manager to front to open safe and later returned him to floor with others); Goff v. State, 616 So.2d 551 (Fla. 2d DCA 1993)(finding that movement of employees was merely incidental and did not have independent significance from robbery where defendants entered Publix store as manager was leaving office area, one defendant had manager enter office, open safe, and fill bag with money, while *1055 armed co-defendant brought another employee into office, ordered manager to remove tape from video camera in office, several other employees present were told to lie on floor, and defendants then ordered victims to go down aisle approximately 180 feet to back door before firing two shots and leaving scene); Bruce v. State, 612 So.2d 632 (Fla. 3d DCA 1993)(security guard standing outside closed K-Mart store with assistant manager and third man were forced back into store by two men with a gun; when inside, defendants forced these three men and another employee to back of store where they met another employee, who they all forced into office, where defendant forced manager to get key to cash room and open safe by threatening to kill him; after manager gave money, defendant shot him in the arm before leaving back of store with money; court held that convictions for kidnaping of manager and two employees moved to back of store failed to meet Faison test, but affirmed convictions for two other victims who were forced into store, which was not necessary to effect robbery); Jackson v. State, 436 So.2d 1101 (Fla. 4th DCA 1983)(concluding that victim's movement was slight, inconsequential and merely incidental to robbery where as motel guest was placing his key in door, two individuals approached him from rear, placed gun to his head, and propelled him through open door before taking property and immediately leaving room).
The frightening reality of this situation is that these types of kidnaping convictions can be affirmed or reversed at will, and based on little more than the philosophical inclination of any given panel of judges. Thus, the convictions of many criminal defendants have been reversed in factual situations which are virtually identical to others where similarly situated criminal defendants have had their convictions affirmed and are, as a result, serving lengthy prison sentences. Although it is clear that the astute appellate mind is capable of distinguishing cases even where the distinctions are marginal and barely material, whether or not such distinctions are persuasive, depends, to a great extent, on the reader's desired result for the case. Nevertheless, the fact that appellate judges can expertly pick at nits does not justify the existence of such an elastic and ill-defined offense.[3] Such inconsistent results as are set forth above, in cases where the material facts are virtually indistinguishable, raise serious due process questions which do not have to be resolved in this case and which I will therefore leave for another day.
NOTES
[1] The date of the crime was February 18, 1992. Defendant is proceeding here on a belated direct appeal.
[2] A judgment of acquittal was granted with respect to the charge of kidnapping of the sleeping infant.
[3] Clearly, this offense cannot be defined by the statute alone. As the Florida Supreme Court recognized in Mobley v. State, 409 So.2d 1031, 1034 (Fla.1982), a literal interpretation of the subsection at issue would result in a kidnaping conviction for "any criminal transaction which inherently involves the unlawful confinement of another person, such as robbery or sexual battery." I note that the vagueness of this subsection, even when read in conjunction with the case law which has sought to clarify it during the sixteen years since Faison, has given precious little guidance to trial judges who must rule on motions for judgment of acquittal in these cases. Indeed, the clear message communicated by the contradictory results cited above is that the trial judge confronting such a ruling can grant or deny such a motion as he or she sees fit, there being no objective, clearly defined standard to establish the legal sufficiency of the charge.