NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

16-804


BLACK WATER MARSH, LLC

VERSUS

ROGER C. FERRISS PROPERTIES, INC.



**********

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 2011-4641 "F"
HONORABLE SHARON  WILSON, DISTRICT JUDGE

**********

JOHN D. SAUNDERS
JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, John D. Saunders, Marc T. Amy, Shannon J. Gremillion, and Candyce G. Perret, Judges.


AFFIRMED.


Amy, J., concurs in part, dissents in part, and assigns reasons.

David B. McCain
Jennifer M. Swann
McCain & Swann, L.L.C.
1800 Ryan St., Suite 102
Lake Charles, LA 70601
(337) 439-4571
COUNSEL FOR PLAINTIFF/APPELLANT/APPELLEE:
    Black Water Marsh, L.L.C.
    Gary  Lavoi

Timothy O'Dowd
Attorney at Law
921 Ryan St., Suite D
Lake Charles, LA 70601
(337) 310-2304
COUNSEL FOR DEFENDANT/APPELLANT/APPELLEE:
    Janice Ferriss
    Roger C. Ferriss Properties, Inc.

**SAUNDERS, Judge.**

This is a case wherein the lessor breached a marsh lease that was improperly recorded by the lessee. The lessor sold the property but failed to insure that the lessee's hunting rights were recognized by the purchaser. This created an action for the lessee against the lessor under La.Civ.Code art. 2682.

The trial court awarded the lessee damages for the lessor's breach of the lease. The damages were reimbursement of the rent the lessee paid for the year of the sale and reimbursement for improvements made on the property by the lessee under La.Civ.Code art. 2695. The trial court denied the lessee's request for damages for lost profits under the remaining years of the breached lease and for any debts the lessee may have to persons for the hunting memberships he sold to them. Both lessor and lessee assign errors in this appeal.

## FACTS AND PROCEDURAL HISTORY:

This case is before us for the third time. The first was via an unpublished opinion, *Black Water Marsh, LLC v. Roger C. Ferriss Properties, Inc.*, 12-423 (La.App. 3 Cir. 8/6/12). The second is in a published opinion wherein the following facts and procedural history are hereby incorporated:

> This litigation arises from a March 13, 2006 written marsh lease agreement involving [600] acres of Calcasieu and Jefferson Davis Parish immovable property. The parties are identified in the lease as "Roger Ferris[s] Properties" as lessor, and "Black Water Marshes, Inc.," as lessee. Janice Ferriss executed the lease on behalf of Roger Ferris[s] Properties, and Gary M. Lavoi executed the lease on behalf of the named corporation. The lease provided for a twelve-year term with an annual payment of $12,000.00, and generally provided that Roger Ferriss Properties was granting the corporation hunting and fishing privileges on the property. Of significance to this litigation is the clause in the lease granting the lessee "the first right of refusal" of the leased property "should leaser[sic] decide to sell said properties."
>
> On August 2, 2011, and after having a title search of the Calcasieu and Jefferson Davis Parish conveyance records conducted on his behalf, Timothy Litel purchased the property subject to the lease from Roger C. Ferriss Properties, Inc., the record owner.

Although the marsh lease had been placed of record in both Calcasieu and Jefferson Davis Parishes, the title search did not reveal its existence as a result of various recording errors.

On October 11, 2011, the litigation now before us began with the filing of a suit by Black Water Marsh, LLC, not Black Water Marshes, Inc. The initial paragraph of the petition describes the plaintiff as a Louisiana corporation having its domicile in Calcasieu Parish, Louisiana, and being represented by "its duly authorized president, GARY M. LAVOI." The petition named Timothy J. Litel, Roger C. Ferriss Properties, Inc., and Janice Ferriss as defendants and sought (1) injunctive relief against Timothy J. Litel to prohibit him from denying the plaintiff access to the property for the 2011 hunting season; (2) dissolution of the act of sale between Roger C. Ferriss Properties, Inc. and Timothy J. Litel; and (3) in the alternative, a money judgment against the defendants for the losses the plaintiff suffered as a result of being denied the right of first refusal in the sale of the property.

Roger C. Ferriss Properties, Inc. responded to the petition on November 14, 2011, by filing a dilatory exception of lack of procedural capacity and peremptory exceptions of no right of action and of no cause of action. Ms. Ferriss appeared as the *pro se* representative of Roger C. Ferriss Properties, Inc. in the filing. On the same day, Mr. Litel, represented by counsel, filed the same exceptions, as did Ms. Ferriss individually, who was also represented by counsel in her filing. Ms. Ferriss added the dilatory exception of vagueness to the other three exceptions. All three defendants asserted in the common exceptions that Black Water Marsh, LLC did not have the right to enforce any rights that might belong to Black Water Marshes, Inc., the entity that executed the lease; and that in fact, there existed no corporation named Black Water Marshes, Inc. Additionally, Ms. Ferriss asserted that because most of the petition lumped her and Roger C. Ferriss Properties, Inc. together, she could not safely plead to the allegations.

After a January 6, 2012 hearing on the exceptions, the trial court rendered judgment rejecting the remaining exceptions filed by Roger C. Ferriss Properties, Inc. and Ms. Ferriss, and executed a judgment to this effect on January 30, 2012. In a separate judgment executed the same day, the trial court, among other relief, rejected Mr. Litel's exception of lack of procedural capacity, but granted his exceptions of no right and no cause of action, and dismissed the claims against him.

By a pleading filed February 10, 2012, Black Water Marsh, LLC sought reconsideration of the judgment in favor of Timothy J. Litel, but before a hearing could be had on this motion, Roger Ferriss Properties, Inc. and Ms. Ferriss sought supervisory writ relief from this court. In an unpublished opinion rendered August 6, 2012, this court found no error in the trial court's rejection of the exception of no

2

cause of action, but found that the trial court erred in rejecting the exception of no right of action without providing a time for amendment of the pleadings to state a right of action. *Black Water Marsh, LLC v. Roger C. Ferriss Properties, Inc.*, 12-423 (La.App. 3 Cir. 8/6/12). In finding error in the trial court's ruling on the exception of no right of action, this court stated:

> Respondent, Black Water Marsh, LLC, was not a party to the lease at issue, and, therefore, has no standing to enforce the terms of the lease. We, therefore, order that Respondent amend its pleadings by no later than August 12, 2012, to add a proper party plaintiff under penalty of dismissal.

*Id.*

On August 10, 2012, Black Water Marsh, LLC responded to this court's ruling by filing a second supplemental and amending petition wherein it named Gary Lavoi d/b/a Black Water Marshes, Inc. as an additional party plaintiff.

Roger C. Ferriss Properties, Inc. and Ms. Ferriss responded to the addition of the new plaintiff by filing new peremptory exceptions of no right and no cause of action. These exceptions, together with the February 10, 2012 request for reconsideration of the ruling on Mr. Litel's exceptions, came for a hearing on October 5, 2012. This hearing resulted in a trial court judgment executed on October 22, 2012, rejecting the exceptions filed by Roger C. Ferriss Properties, Inc. and Ms. Ferriss, and rejecting the request for reconsideration of the ruling granting Mr. Litel's exceptions.

*Black Water Marsh, LLC. v. Roger C. Ferriss Properties, Inc.*, 13-477, pp. 1-4 (La.App. 3 Cir. 1/8/14), 130 So.3d 968, 970-72 (footnotes omitted), *writ denied*, 14-660 (La. 5/2/14), 138 So.3d 1248.

This court affirmed the trial court's judgment dismissing the claims of Black Water Marsh, LLC and Gary Lavoi d/b/a Black Water Marshes, Inc. against Timothy J. Litel via the grant of the peremptory exception of no cause of action. After writs were denied, a trial was held on this matter in February 2016.

On February 5, 2016, the trial court ruled in favor of Ferriss on Lavoi's claim of right of first refusal. The trial court noted that Ferriss had offered to sell Lavoi the property, but Lavoi did not accept the offer within 30 days. The trial

court found in favor of Lavoi on the breach of lease claim, awarding damages to Lavoi in the amount of $105,000.00. This amount was reached by awarding Lavoi $12,000.00 for rent money paid in 2011, and for improvements to the leased premises under La.Civ.Code art. 2695 in the amount of $93,000.00. The trial court found Mrs. Ferriss personally liable under the now repealed, but then in effect, La.R.S. 12:142.1. Finally, the trial court denied Lavoi's request for damages for lost profits. Both Lavoi and Ferriss appeal this judgment.

## FERRISS' ASSIGNMENTS OF ERROR:

1.  The trial court erred in finding that Ferriss breached the lease with Lavoi.

2.  The trial court legally erred in finding that Lavoi was damaged by the sale of the leased premises, in awarding excessive damages and in granting reimbursement pursuant to [La.Civ.Code art.] 2695 for leasehold improvements that was neither demanded upon termination of lease rights, plead, or presented at trial.

3.  The trial court legally erred in finding that Janice Ferriss was personally liable for any damages that Lavoi may have sustained.

## LAVOI'S ASSIGNMENTS OF ERROR:

1.  The Trial Court erred as a matter of law in holding that Lavoi had a duty to "mitigate his damages" by agreeing to a new lease with the new buyer-owner under clearly less favorable terms, a condition of which would have been a release of claims for remaining years of the lease.

2.  The Trial Court erred in failing to award Lavoi damages for his loss of profits for the last six years of the lease.

3.  The Trial Court erred in failing to award Lavoi any damages for his responsibility to return his hunting club members their hunting and fishing fees that had already been collected for the 2011-2012 season.

## FERRISS' ASSIGNMENT OF ERROR NUMBER ONE:

Ferriss asserts that the trial court erred in finding that they breached the lease with Lavoi in their first assignment of error. We disagree.

4

When an issue raised on appeal posits a question of law, the standard of review is that of de novo wherein the appellate court determines whether the lower court was legally correct. *Tran v. Williams*, 10-1030 (La.App. 3 Cir. 2/9/11), 56 So.3d 1224.

Louisiana Civil Code Article 2682 states, "The lessor is bound: (1) To deliver the thing to the lessee; (2) To maintain the thing in a condition suitable for the purpose of which it was leased; and (3) To protect the lessee's peaceful possession for the duration of the lease."

Ferriss argues that any loss Lavoi may have suffered is a result of his own actions, not as a result of the sale to Litel. This argument does not address the assigned error. The assigned error is that the trial court erred in finding that Ferriss breached the lease with Lavoi. Contrarily, Ferriss' argument is regarding whether Lavoi suffered any damages as a result of the breach of the lease.

It is clear that Ferriss breached the lease with Lavoi. They had a duty to insure Lavoi's "peaceful possession for the duration of the lease" and failed to do so when they sold the land to Litel without insuring that Litel would honor that lease as a condition of the sale. Accordingly, we find no merit to this assignment of error.

**FERRISS' ASSIGNMENT OF ERROR NUMBER TWO:**

In their second assignment of error, Ferriss asserts that the trial court legally erred in awarding Lavoi reimbursement of the rent he paid Ferriss for the 2011 hunting season and in awarding Lavoi reimbursement pursuant to La.Civ.Code art. 2695 for leasehold improvements that were neither demanded upon termination of lease rights, plead, or presented at trial. We find no merit to this assignment of error.

As noted above, when an issue raised on appeal posits a question of law, the standard of review is that of de novo wherein the appellate court determines whether the lower court was legally correct. *Tran*, 56 So.3d 1224. Louisiana Civil Code Article 2712 states:

> A third person who acquires an immovable that is subject to an unrecorded lease is not bound by the lease.
>
> In the absence of a contrary provision in the lease contract, the lessee has an action against the lessor for any loss the lessee sustained as a result of the transfer.

First, Ferriss contends that the trial court erroneously found that Lavoi is entitled to reimbursement of the rent he paid to Ferriss for the 2011 hunting season. According to Ferriss, Lavoi did not suffer any loss due to any alleged breach of their lease for the 2011 hunting season because Lavoi received payment from the members of his hunting club for the 2011 hunting season.

After reviewing the record, it is accurate that Lavoi was paid membership dues by hunting club members for the 2011 hunting season, as Lavoi testified as such. However, the evidence in the record also establishes that Lavoi was denied the right to hunt for most of the 2011 hunting season despite the fact that Lavoi paid rent in 2011 for certain hunting rights. Quite simply, Lavoi did not get what he paid for from Ferriss in the 2011 hunting season. As such, we find no merit to Ferriss' assertion that Lavoi did not suffer any loss by any alleged breach of their lease during the 2011 hunting season, and the trial court made no legal error in this regard.

Ferriss next argues that the trial court erroneously reimbursed Lavoi the rent he paid for the 2011 hunting season because Lavoi failed to mitigate the damages he suffered during the 2011 hunting season. According to Ferriss, Lavoi could

have suffered no damages for the 2011 hunting season by entering into a lease with Litel.

The scope of the duty to mitigate damages is determined on a case by case basis, and actions that are likely futile or unduly costly are not required by a party. *MB Indus., LLC v. CNA Ins. Co.*, 11-303 (La. 10/25/11), 74 So.3d 1173. A trial court's determination regarding whether an injured party failed to mitigate its damages is subject to the manifest error standard of review. *Al's Trucking, Inc. v. State Farm Fire & Cas. Co.*, 98-1542 (La.App. 3 Cir. 5/12/99), 735 So.2d 833, *writ denied*, 99-1681 (La. 9/24/99), 747 So.2d 1122.

The record indicates that during the 2011 hunting season, Lavoi was in negotiations with Litel as to what rights, if any, he and his hunting club members could acquire or preserve on the land. During these negotiations, Litel actually sent a letter to Lavoi that he was not to enter into the land or he would be treated as a trespasser. The time that these negotiations took place interrupted a portion of the 2011 hunting season. Further, it is reasonable to find that such negotiations would take time to transpire and this time would continue to disrupt the 2011 hunting season, one which Lavoi already had a right to hunt the land under the lease between he and Ferriss. The 2011 hunting season was disrupted due to Ferriss' failure to insure that their lease with Lavoi was honored prior to selling the land. As such, given the circumstances present during the 2011 hunting season, we cannot say that the trial court was manifestly erroneous in giving no credence to Ferriss' assertion that Lavoi failed to mitigate his damages incurred during that season. Likewise, we find no error by the trial court in finding that Ferriss owes Lavoi reimbursement for the rent Lavoi paid for the 2011 hunting season.

We note that it was established in the record that Lavoi leased the land to conduct a hunting club business that harvested ducks, alligators, and other wildlife.

It is true that Lavio had use of the property for roughly four months in 2011. However, a reduction of the full year's reimbursement granted by the trial court is improper. We take judicial notice of the Louisiana Department of Wildlife and Fisheries hunting seasons for 2011. No hunting season was open for any species of wildlife for which Lavoi had been using the land. Rather, the months for which Lavoi had access to the land are generally when a hunter prepares the land in order for it to be hunted for those species his club had been hunting. While the lease didn't specify which species of animals were to be hunted, the record establishes the actual use of the land under the lease. In this situation, to reduce the value of the reimbursement of the rent, or remove it altogether, would be akin to reducing a farmer's entitlement to reimbursement for a portion of his annual lease because he was able to plant his crops, regardless of the fact that he was unable to harvest said crops, simply because he had access to the land to plant those crops and the farming lease simply said it was a farming lease rather than saying it was a lease to plant and harvest crops.

Next, Ferriss avers that the trial court improperly awarded Lavoi reimbursement pursuant to La.Civ.Code art. 2695 for leasehold improvements that were neither demanded upon termination of lease rights, plead, or presented at trial. Louisiana Civil Code Article 2695 states:

> In the absence of contrary agreement, upon termination of the lease, the rights and obligations of the parties with regard to attachments, additions, or other improvements made to the leased thing by the lessee are as follows:
>
> (1) The lessee may remove all improvements that he made to the leased thing, provided that he restore the thing to its former condition.
>
> (2) If the lessee does not remove the improvements, the lessor may:

(a) Appropriate ownership of the improvements by reimbursing the lessee for their costs or for the enhanced value of the leased thing whichever is less; or

(b) Demand that the lessee remove the improvements within a reasonable time and restore the leased thing to its former condition. If the lessee fails to do so, the lessor may remove the improvements and restore the leased thing to its former condition at the expense of the lessee or appropriate ownership of the improvements without any obligation of reimbursement to the lessee. Appropriation of the improvement by the lessor may only be accomplished by providing additional notice by certified mail to the lessee after expiration of the time given the lessee to remove the improvements.

(c) Until such time as the lessor appropriates the improvement, the improvements shall remain the property of the lessee and the lessee shall be solely responsible for any harm caused by the improvements.

Ferriss argues that because Lavoi did not demand reimbursement for leasehold improvements or plead the issue, they did not present evidence to show the minimal enhanced value the leasehold improvements added to the property. As such, according to Ferriss, the trial court's award to Lavoi of $93,000.00, representing the actual cost of the leasehold improvements paid by Lavoi, denied Ferriss the right to pay "whichever is less" under La.Civ.Code art. 2695(2)(a).

First, we address whether the pleadings were properly expanded. Louisiana Code of Civil Procedure Article 1154 states, in pertinent part, "[w]hen issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised by the pleading." The supreme court, in *Roberson v. Provident House*, 576 So.2d 992, 995 (La.1991), stated: "The general rule . . . is that pleadings may be enlarged by evidence adduced without objection when such evidence is not pertinent to any other issue raised by the pleadings and, hence, would have been excluded if objected to timely."

9

The standard of review applicable to the propriety of evidence expressly or impliedly expanding the pleadings is that of abuse of discretion afforded the trial court. *In re Eleanor Pierce (Marshall) Stevens Living Trust*, 14-697 (La.App. 3 Cir. 2/18/15), 159 So.3d 1101.

Here, Exhibit P-17 was admitted into evidence without objection. P-17 consists of receipts for actual amounts paid by Lavoi in constructing a camp on the property he was leasing from Ferriss. Lavoi and Ferriss do not agree why these receipts were admitted into evidence.

Ferriss contends that these receipts were introduced in connection with Lavoi's request for lost profits because Litel re-sold the property for a profit which Lavoi felt he should have received. According to Ferriss, Lavoi was seeking lost profits, not leasehold improvements.

Lavoi points to evidence in the record that he asserts indicates otherwise. In Lavoi's testimony relative to the admission of P-17, the following took place:

Q. [W]as the corporation [Blackwater Marsh, L.L.C.] able to let hunters hunt during that season?

A. No.

Q. And were you able to provide that right to Blackwater Marsh, L.L.C. as Gary Lavoi individually?

A. I was not.

Q. And as the reason that you, individually, were not able to provide that service to them is because Janice Ferriss breached her lease with you?

A. Yes.

Q. What about any amounts that Blackwater Marsh put into the building of the camp on the Ferriss property?

A. Loss that [sic].

Q. Did you start - - had there been a camp on the property that was destroyed?

10

A. Yes.

Q. Did you more or less have to tear something down and start over again?

A. Yes.

Q. And this was on the Ferriss Property?

A. Yes.

Q. And so for several years, did you save the receipts for the improvements that were going onto that camp that you were building on the Ferriss Property?

A. Yes.

Q. Did [you] ever complete construction of it?

A. No.

Q. About what percentage of completion did you think you got to?

A. Over half, probably around sixty percent.

Q. And did it ever reach a point that you were able to let the hunters of the club use that property?

A. No.

Q. So you were expending money toward that camp, but you never got to reap any benefit from it because the lease was dishonored before the hunters could even use that; is that correct?

A. Yes.

Q. I'm going to show you a list of receipts for improvements which were made on the camp on the Ferriss property. I'm going to ask you look through that list, of course, I've asked you to do this previously. But while you're here in court, go ahead and look at that list again. And tell me, is that a list of the invoices that were expended for improvements made, the building of the camp that was being constructed on the Ferriss [property]?

A. Yes, this does look like a list of the receipts that I did use for the camp on the Ferriss property.

Q. And you never got any benefit whatsoever from it?

11

A.      That is correct.  I did not.

Q.      Nor did Blackwater Marsh?

A.      Nor did Blackwater Marsh.

Q.      Nor did the hunters?

A.      Nor did the hunters.

MR. MCCAIN:

I offer as "P-17" this list with receipts attached.

THE COURT:

Is there an objection?

MR. O'DOWD:

No objection.

Given the excerpt above, we cannot say that the trial court abused its great discretion to expand Lavoi's pleading to include a claim for reimbursement for improvements made on the land.  The testimony above, directly leading to P-17's admission without objection, certainly was sufficient to put Ferriss on notice that it could be liable for these type of damages not specifically plead.  As such, we find no error by the trial court in expanding the pleadings to allow for an award to Lavoi of $93,000.00 for reimbursement of leasehold improvements added to the property.

Next, we address whether the trial court's award denied Ferriss the right to pay "whichever is less" under La.Civ.Code art. 2695(2)(a), as she alleges.  In its oral reasons for judgment, the trial court stated that La.Civ.Code art. 2695 was the basis for its award to Lavoi of $93,000.00 for reimbursement of leasehold improvements added to the property.

Louisiana Civil Code Article 2695 states, in pertinent part (emphasis added):

In the absence of contrary agreement, *upon termination of the lease*, the rights and obligations of the parties with regard to attachments, additions, or other improvements made to the leased thing by the lessee are as follows:

(1) The lessee may remove all improvements that he made to the leased thing, provided that he restore the thing to its former condition.

(2) If the lessee does not remove the improvements, the lessor may:

(a) Appropriate ownership of the improvements by reimbursing the lessee for their costs or for the enhanced value of the leased thing whichever is less; or

(b) Demand that the lessee remove the improvements within a reasonable time and restore the leased thing to its former condition. If the lessee fails to do so, the lessor may remove the improvements and restore the leased thing to its former condition at the expense of the lessee or appropriate ownership of the improvements without any obligation of reimbursement to the lessee. Appropriation of the improvement by the lessor may only be accomplished by providing additional notice by certified mail to the lessee after expiration of the time given the lessee to remove the improvements.

(c) Until such time as the lessor appropriates the improvement, the improvements shall remain the property of the lessee and the lessee shall be solely responsible for any harm caused by the improvements.

Our reading of La.Civ.Code art. 2695 is that it does not apply under the facts of this case because the lease was not terminated. The trial court seemingly agreed in its oral reasons for judgment when it stated, "[I]t is clear to me that the parties were bound under this lease for a period of twelve years, and the lease commenced on March 13, 2006." Without termination of the lease, Article 2695 does not apply.

Moreover, even if La.Civ.Code art. 2695 were to apply, Ferriss must appropriate ownership of the improvements prior to being given the opportunity to reimburse Lavoi either the lesser of improvement cost or enhanced value. This requires Ferriss to take certain actions of which there is no evidence in the record that she did.

As such, the trial court clearly stated the incorrect code article as its basis for its award to Lavoi of $93,000.00 for reimbursement of leasehold improvements added to the property in its reasons for judgment. However, this does not mean that an error of law has occurred or that the award must be reversed.

> [A]ppellate courts review judgments, not reasons for judgment."
> *Bellard v. American Cent. Ins. Co.*, 2007–1335 p. 25 (La.4/18/08),
> 980 So.2d 654, 671; *Greater New Orleans Expressway Commission v.
> Olivier*, 2002–2795 p. 3 (La.11/18/03), 860 So.2d 22, 24 ("Appeals
> are taken from the judgment, not the written reasons for judgment.");
> La. C.C.P. arts. 1918, 2082 and 2083. Judgments are often upheld on
> appeal for reasons different than those assigned by the district judges.
> "The written reasons for judgment are merely an explication of the
> trial court's determinations. They do not alter, amend, or affect the
> final judgment being appealed. . . ." *State in the Interest of Mason*,
> 356 So.2d 530, 532 (La.App. 1 Cir.1977).

*Wooley v. Lucksinger*, 09-571, pp. 77-78 (La. 4/1/11), 61 So.3d 507, 572.

Louisiana Civil Code Article 2712 states:

> A third person who acquires an immovable that is subject to an
> unrecorded lease is not bound by the lease.
>
> In the absence of a contrary provision in the lease contract, the
> lessee has an action against the lessor for any loss the lessee sustained
> as a result of the transfer.

Article 2712 allows for the trial court to have awarded Lavoi $93,000.00 for reimbursement of leasehold improvements added to the property as the amount he paid for the materials qualify as a loss he sustained due to the transfer. Further, it is clear from our review of the record that a reasonable basis exists to uphold the trial court's award from those materials. Lavoi presented evidence, via Exhibit P-17 in the form of receipts that indicate he paid $93,000.00 for the improvements made to the land. Accordingly, we find no error in the trial court's award of this amount to Lavoi and no merit to this assignment of error.

**FERRISS' ASSIGNMENT OF ERROR NUMBER THREE:**

14

In its final assignment of error, Ferriss avers that the trial court legally erred in finding that Janice Ferriss was personally liable for any damages that Lavoi may have sustained. We disagree.

Louisiana Revised Statutes 12:142.1, repealed by 2014 La. Acts No. 328, § 5, effective January 1, 2015 (emphasis added), stated:

> A. In addition to all other methods of dissolution, if the corporation is not doing business, owes no debts, and owns no immovable property, it may be dissolved by filing an affidavit with the secretary of state executed by the shareholders, or by the incorporator if no shares have been issued, attesting to such facts and requesting that the corporation be dissolved. Thereafter, the shareholders, or the incorporator if no shares have been issued, shall be *personally liable* for any debts or claims, if any, against the corporation in proportion to their ownership in the shares of the corporation.
>
> B. The secretary of state shall reinstate a corporation which has been dissolved pursuant to this Section only upon receipt of a court order directing him to so reinstate the corporation.

On December 19, 2013, Janice Ferriss signed an affidavit to dissolve corporation. Under the language of La.R.S. 12:142.1 in effect at that time, Janice Ferriss is personally liable for "any debts or claims . . . against the corporation."

While we recognize that the law has since been changed, there is no doubt that the trial court was legally correct in finding that Janice Ferriss was personally liable in this matter under the applicable law at that time. As such, we find that this assignment of error lacks merit.

**LAVOI'S ASSIGNMENT OF ERROR NUMBER ONE:**

In Lavoi's first assignment of error, he contends that the trial court erred as a matter of law in holding that he had a duty to mitigate his damages by agreeing to a new lease with Litel under less favorable terms including a condition to release the claims for remaining years of the lease. We find no merit to this assignment of error.

As stated above in Ferriss' assignment of error number two, the scope of the duty to mitigate damages is determined on a case by case basis, and actions that are likely futile or unduly costly are not required by a party subject to the manifest error standard of review. *See MB Indus., LLC*, 74 So.3d 1173, and *Al's Trucking, Inc.*, 735 So.2d 833, respectively.

"An obligee must make reasonable efforts to mitigate the damage caused by the obligor's failure to perform. When an obligee fails to make these efforts, the obligor may demand that the damages be accordingly reduced." La.Civ.Code art. 2002.

> Perhaps the best exposition of the principle [of mitigation of damages] . . . appears in 22 American Jurisprudence, 2d, pages 53, 61 and 282, verbo 'Damages' (Sections 32, 37 and 203). Therein it is stated: 'Section 32. Under the doctrine of avoidable consequences, The injured person need not make extraordinary efforts or do what is unreasonable or impracticable in his efforts to minimize damages; reasonable diligence and ordinary care are all that is required to allow full recovery of all damages caused by the defendant's wrongful activity. More completely stated, the consequences of an injury are recoverable where the injured party acts with such care and diligence as a man of Ordinary prudence would under the circumstances, and his efforts to minimize damages are determined by the rules of common sense, good faith, and fair dealing. What constitutes reasonable care depends upon the circumstances of the particular case, taking into consideration time, knowledge, opportunity, and expense. An injured person may recover to the full extent of his injury where he shows reasonable grounds for his failure to make an effort to lessen his damages. Thus, the repeated assurances of the defendant after an injury has begun that he will remedy the condition is sufficient justification for the plaintiff's failure to take steps to minimize loss, so long, at least, as there is ground for expecting that he will perform.
>
> 'Section 37. Following a breach, it is Sometimes possible for the nondefaulting party to minimize his damages by spending a sum of money. If the courts were to require this expenditure in Every case in which it turns out, as a matter of Hindsight, that such expenditure would have minimized the loss, courts would effectively be requiring the innocent party to incur risks beyond those in the contract In the hope that damages could be recovered from the breacher. Therefore, courts generally do not determine damages based upon the making of these expenditures unless (1) they are small in comparison to the possible losses, and (2) It is virtually certain that the risks incurred will avoid at least a part of the loss. Damages will not be decreased

through showing that a Substantial expenditure would have minimized the total loss or that the suggested expenditure may or may not have decreased damages. The defaulter is in no position to cast this risk of substantial expenditures on the plaintiff. Since such risks arose because of the breach, they are to be borne by the defaulting party.

'Where the party whose duty it is to perform a contract has equal opportunity for performance and equal knowledge of the consequences of nonperformance, he cannot, while the contract is subsisting and in force, be heard to say that the plaintiff might have performed for him. Thus, where one who is bound to indemnify another points out to the latter how he may avoid the loss, the indemnitee is not bound to resort to such means if the indemnitor had an equal opportunity to avail himself thereof. * * *

'Section 203. * * * Following breach, the nondefaulting party's damages will be measured as though he had acted Reasonably in not enhancing the damages caused by the breach. To the extent that the nondefaulting party has not acted reasonably and has thereby failed to avoid certain consequences which are now claimed as damages, the party who is in default may show those consequences in reduction of damages. Therefore, if a Reasonably prudent person acting under the facts and circumstances in which the nondefaulting party found himself would have minimized the claimed losses by entering into other contracts either with a third party or, in some jurisdictions, with the defaulting party, this fact may be shown in reduction of damages. * * * The party who is in default may not, however, mitigate his damages by showing that the other party Could have reduced those damages by expending large amounts of money or by incurring substantial obligations.' (Italics ours.)

*Unverzagt v. Young Builders, Inc.*, 252 La. 1091, 1097-99, 215 So.2d 823, 825-26 (La.1968).

Here, the trial court found "Mr. [Litel's] testimony to be very truthful and very forthright. . . . Mr. [Litel] bought this property with the knowledge that there was an existing lease. And I believe his testimony when he says that he intended to honor that lease." The trial court also found that "Mr. Lavoi was very much interested in the right of first refusal and owning this property. . . . [T]hat's what he was chasing. [Mr. Lavoi] actually became an obstructionist to the process of continuing this business."

17

After a thorough review of the record, we find sufficient evidence to support the trial court's findings. Mr. Litel testified that he intended to honor the lease between Ferriss and Lavoi. According to a letter dated September 7, 2011, in order for Lavoi and his hunting club members to continue to hunt, Lavoi would have had to agree to cancel his lease with Ferriss, release Ferriss from any responsibility owed to him, and enter into a new lease with Litel. While it is certainly contestable whether all the proposed stipulations made by Litel in the September 7, 2011 letter were reasonable, this letter is evidence to support Litel's testimony and the trial court's finding that Litel had every intention to continue to allow Lavoi to conduct his business. Given Litel's testimony, this letter, and the applicable standard of review, we cannot say that the trial court's finding that Lavoi failed to mitigate his damages was unreasonable or manifestly erroneous.

**LAVOI'S ASSIGNMENT OF ERROR NUMBER TWO:**

Next, Lavoi asserts that the trial court erred in failing to award him damages for his loss of profits for the last six years of the lease. We disagree.

"Damages are measured by the loss sustained by the obligee and the profit of which he has been deprived." La.Civ.Code art. 1995. "An obligor in good faith is liable only for the damages that were foreseeable at the time the contract was made." La.Civ.Code art. 1996. "The rule is that lost profits, as an element of damages for the breach of a contract, may be recovered where they are not speculative or uncertain in their nature, and are susceptible of proof with reasonable certainty." *George W. Garig Transfer, Inc. v. Harris*, 226 La. 117, 130, 75 So.2d 28, 33 (La.1954). The standard of review applicable on appellate review of whether to award damages for lost profits is abuse of discretion. *La. Farms v. La. Dept. of Wildlife and Fisheries*, 95-845 (La.App. 3 Cir. 10/9/96), 685 So.2d

18

1086, *writs denied*, 97-486 (La. 4/4/97), 692 So.2d 420, 97-507 (La. 4/4/97), 692 So.2d 422.

Here, Lavoi seeks to recover $468,000.00 in lost profits. However, in order to recover these lost profits, Lavoi must show that he was damaged by Ferriss' breach of the lease for the remaining years on that lease. In Lavoi's assignment of error number one, we found no manifest error by the trial court when it determined that Lavoi was not entitled to damages for the remaining years of his lease with Ferriss because Lavoi failed to mitigate his damages by entering into a new lease with Litel. Accordingly, this assignment of error is pretermitted.

We do note, however, that Lavoi supports his claim for lost profits with only his own testimony, his handwritten five-year plan, and his tax records for the previous years under the lease. These tax returns indicate that Lavoi earned a net profit averaging $8,078.00 yearly. While we need not reach the issue given our upholding of the trial court's reasoning above, it certainly can be argued that Lavoi's requested $468,000.00 in lost profits is speculative and unsupported by the evidence in the record.

**LAVOI'S ASSIGNMENT OF ERROR NUMBER THREE:**

Lavoi avers that the trial court erred in failing to award any damages for his responsibility to return his hunting club members their hunting and fishing fees that had already been collected for the 2011-2012 season in the last error assigned. We find no merit to this assignment.

A plaintiff had the burden to prove damages suffered due to a defendant's fault and must support any award for the damages with evidence in the record. *Borden, Inc. v. Howard Trucking Co. Inc.*, 454 So.2d 1081 (La.1983). A determination whether to award damages for an item when a lease is breached is subject to appellate review under the abuse of discretion standard. *Hai Nam*

19

*Chinese Rest. P'ship v. B & B Const. of New Iberia*, 06-729 (La.App. 3 Cir. 11/2/06), 942 So.2d 97, *writ denied*, 06-2751 (La. 1/26/07), 34 So.3d 261.

Here, there is no evidence in the record that any club member demanded Lavoi to return their 2011 hunting season dues. In fact, Lavoi admitted that no demands were made or lawsuits filed at the time of the trial by any members for the return of their dues. Further, there is no evidence in the record that Lavoi actually refunded any dues. Finally, even if Lavoi had produced evidence of such demands, suits or refunds, there is no evidence in the record that Lavoi invested any of these membership dues into the land for purposes of providing hunting to the members.

Accordingly, we find no abuse of the trial court's discretion in denying Lavoi's request to be awarded damages for his potential responsibility to return his hunting club members their hunting and fishing dues that had already been collected for the 2011-2012 season.

## DISPOSITION:

Janice Ferriss and Gary M. Lavoi each raise three assignments of error. We find no merit to any of the assignments raised. As such, we affirm the trial court's judgment and assess the costs of these proceedings to be split equally between Janice Ferriss and Gary M. Lavoi.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules– Courts of Appeal, Rule 2–16.3.

20

NUMBER 16-804

COURT OF APPEAL, THIRD CIRCUIT

STATE OF LOUISIANA

BLACK WATER MARSH, LLC

VERSUS

ROGER C. FERRISS PROPERTIES, INC.

AMY, J., concurring in part and dissenting in part.

I respectfully dissent from the majority opinion in two respects. First, I dissent from the award of the entirety of the 2011 rental payment. Notably, the record indicates that the $12,000 annual payment required by the lease became due—and was paid—in March 2011. The transfer of the property did not occur until August 2011.

In shaping the award, the trial court addressed this lease, and the rental payment, within the context of "hunting season[.]" Yet, the "Marsh Lease" is for the entirety of the year and is not limited to hunting rights (other than those the lessor reserved for her own family members) or a particular type of hunting. It instead generally refers to a "HUNTING and FISHING privilege[.]" Thus, the award of the entire year's rental payment due to the plaintiff's inability to enjoy "hunting season" is error in my view. Also, the lessee explained that, in addition to a hunting club, he offered membership for fishing on the property. Accordingly, I would reduce the $12,000 award to account for the four months of use prior to the transfer of the property.

Second, I dissent from the majority's affirmation of the entirety of the $93,000 as "any loss the lessee sustained as a result of the transfer" per La.Civ.Code art. 2712. Instead, I do not find support for that figure as the record

amount of expenditures on the property. At most, I find that the record supports an award of the approximately $14,000 of receipts reflected in Exhibit P-17. Accordingly, I would affirm the trial court's award only to the amount reflected in that exhibit, reversing the remainder of the award for expenditures.

Although I dissent from the majority opinion on these issues, I concur in the majority's affirmation of the remainder of the judgment.